**UNITED STATES of America,**
**Plaintiff,**

v.

**N. L. GOLENBURG, d.b.a. Miles Manufac-**
**turing Co., Defendant.**

**Civ. A. No. 33707.**

United States District Court
N. D. Ohio, E. D.

Aug. 21, 1959.

Russell E. Ake, U. S. Atty., Cleveland, Ohio, for plaintiff.

Gerald A. Doyle, Cleveland, Ohio, for defendant.

WEICK, District Judge.

This is an action on a negotiable promissory note, executed by defendant, payable to the order of the United States of America at the Regional Office of War Assets, General Services Administration in Cincinnati, Ohio. No payments have been made on the note since May 8, 1950 and there is a balance due of $1,000 with interest at 4% per annum. The consideration for the note was goods and merchandise sold by the Government to the defendant.

The sole issue in the case is whether or not the Government's claim was discharged by bankruptcy proceedings had in this Court.

An involuntary petition in bankruptcy was filed against the defendant on October 26, 1953, which resulted in his being adjudicated bankrupt on November 12, 1953. He filed his schedules on the same day in the office of the Referee in Bankruptcy.

Schedule A–1, which related to creditors having priority, listed the Director of Internal Revenue, Cleveland, Ohio, as having a claim for withholding taxes amounting to $6,580. This schedule also contained several names and addresses including United States Attorney, Federal Building, Cleveland, Ohio.

Schedule A–3 listed names and addresses of unsecured creditors amounting to $44,751.18. The United States of America was not included therein.

Schedule A–4 listed several names and addresses of persons to be notified of First Meetings only unless scheduled. These included:

> Comptroller General, Washington, D. C.
>
> Internal Revenue Commissioner, Washington, D. C.
>
> Collector Internal Revenue, 622 Huron, Cleveland, Ohio

The first meeting of creditors was held on December 7, 1953. The records of the Referee in Bankruptcy show notice of the meeting was sent to Comptroller General, Washington, D. C., Commissioner of Internal Revenue, Washington, D. C. and Director of Internal Revenue, 622 Huron Rd., Cleveland, Ohio. No notice of the first meeting was mailed to the United States of America, War Assets, General Services Administration, Cincinnati, Ohio.

The records of the Referee in Bankruptcy also disclose that notice of the order fixing time for filing objections to discharge was mailed to the U. S. Attorney, Federal Building, Cleveland, Ohio, on April 4, 1956. This notice was obviously sent pursuant to 11 U.S.C.A. § 94, sub. b, which provides:

> "The court shall give at least thirty days' notice by mail of the last day fixed by its order for the filing of objections to a bankrupt's discharge * * * (3) to the United States attorney of the judicial district wherein the proceeding is pending."

In a petition to sell personal property, filed in the office of the Referee, one of the defendants named was United States of America [Director of Internal Revenue].

The claim of the Director of Internal Revenue for taxes was allowed on September 26, 1956, in the amount of $6,-607.99 and was subsequently paid in full.

A dividend of about 3.92% was paid to the unsecured creditors.

The pertinent provisions of the Bankruptcy Act, relative to discharge, are as follows:

11 U.S.C.A. § 35—

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * *

"(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; * * *."

■ The provisions of the Bankruptcy Act relative to notice to the Government are as follows:

11 U.S.C.A. § 94, sub. e—

"The court shall, in every case instituted under any provisions of this title, mail or cause to be mailed a copy of the notice of the first meeting of creditors to the district director of internal revenue for the district in which the court is located, and to the Comptroller General of the United States. Whenever the schedules of the bankrupt, or the list of creditors of bankrupt, or any other papers filed in the case disclose a debt to the United States acting through any department, agency, or instrumentality thereof, (except for any internal revenue obligation payable to the Secretary of the Treasury or his delegate) a notice of the first meeting shall be mailed as well to the head of such department, agency, or instrumentality."

The requirement that notice be given to Comptroller General and to the head of a department, agency, or instrumentality to which a debt was due was added to the statute by amendment July 3, 1951

(65 Stat. 114). Prior to the amendment the only requirement for notice to the Government was that notice be sent to the Commissioner of Internal Revenue and the Collector for the particular judicial district.

The legislative history of the amendment indicates that the purpose was "to make certain that notice of bankruptcy proceedings affecting claims of the Government against a bankrupt shall be given to the appropriate representative of the Government so that the interest of the Government may be fully and timely protected." 2 U.S.Code Congressional & Administrative Service 1951, p. 1550— Letter of H. P. Chandler, Director of Administrative Office, U. S. Courts to Senator McCarran.

No notice of the first meeting of creditors, or any other notice required by law, was mailed to the head of the department, agency or instrumentality of the Government, namely, War Assets. The Referee could not send out such a notice because the bankrupt did not properly schedule the debt owing to the Government.

Official Form Number One provides in Schedule A–3 for listing the name and address of unsecured creditors, stating when and where the debt was contracted, whether the claim is contingent, unliquidated or disputed, the nature and consideration of the debt and whether on a promissory note, etc. 5 Collier on Bankruptcy, p. 3009.

The bankrupt knew about his indebtedness on the note and it was his duty to properly disclose it on his schedule A–3. Had he done so, the Referee could have complied with the law and notified the head of the appropriate government agency.

There was no evidence here that the Comptroller General had any information concerning the debt.

The evidence disclosed that the United States District Attorney had written a letter to defendant with reference to payment of the note and that defendant replied thereto under date of May 23, 1950,

stating that he had made "payment of $500.00 to the Cincinnati Office which leaves a balance of roughly $1,000.00 and in checking our financial condition we find that we should be able to pay another $500.00 right after the first of the month."

It is the defendant's position that as the District Attorney had the note for collection, notice to him was notice to the War Assets, and the debt is, therefore, discharged. 6 Am.Jur., Bankruptcy, § 795, p. 1016.

■ It is manifest from the amendment of Section 58, sub. e of the Bankruptcy Act (11 U.S.C.A. § 94, sub. e) and the legislative history thereof, supra, that the only proper way in which to give notice of bankruptcy to the United States is to notify the particular agency to which the debt is owing. The unreasonableness of imputing notice from one agency to another is obvious. For example, it is inconceivable that because the Director of Internal Revenue in Cleveland gets notice of a bankruptcy the War Assets in Cincinnati should automatically be considered to have knowledge of the bankruptcy also.

It is my opinion that the only manner in which a debt owing to the United States is dischargeable in bankruptcy is if the particular agency to which the debt is payable is duly scheduled and properly notified, or has actual knowledge of the bankruptcy.

Where it is clearly the intent of Congress that the agency itself must receive the official mailed notice to be included within a bankruptcy, there would be no justification for making the requirements any less stringent for inclusion by virtue of having knowledge of the bankruptcy.

In any event, the notice mailed to the District Attorney on April 4, 1956, of the order fixing the time for filing objections to discharge did not come within six months after adjudication, and hence could not operate to discharge the debt.[1] 11 U.S.C.A. § 35.

I find that the War Assets, General Services Administration, did not have notice or actual knowledge of the proceedings in bankruptcy; that the name and address of the agency was known to the defendant; that the terms of 11 U.S. C.A. § 94, sub. e were not complied with; that the claim was not duly scheduled in time for proof and allowance.

This memorandum is adopted as findings of fact and conclusions of law. Judgment may be entered in favor of plaintiff for $1,000 with interest at 4% per annum from May 8, 1950.

---

1. The District Attorney was probably not interested in filing any objections to the discharge. Had he examined the schedules of the bankrupt he would have found only the claim of the Director of Internal Revenue listed, and that it was being paid in full.