**UNITED STATES of America,
Plaintiff,**

v.

**Charles L. OMER and Ray L. Martin,
Defendants.**

**No. T-3282.**

United States District Court
D. Kansas.

Aug. 11, 1964.

Newell A. George, U. S. Atty., and Elmer Hoge, Asst. U. S. Atty., Topeka, Kan., for plaintiff.

Thomas H. Finigan of Finigan, Poizner & Tucker, Kansas City, Kan., and Roy K. Dietrich and Arlyn D. Haxton of Dietrich, Tyler, Davis, Burrell & Dicus, Kansas City, Mo., for defendant, Charles L. Omer.

Claude L. Rice and Clarence H. Wood of Rice, Groner, Nugent & Baska, Kansas City, Kan., for defendant, Ray L. Martin.

ARTHUR J. STANLEY, JR., Chief Judge.

In this action against defendants as guarantors of certain indebtedness due the plaintiff, the defendant, Martin, has moved the court to be dismissed as a defendant for the reason that he was granted a discharge in bankruptcy which released him from liability on the obligation here sued upon. Plaintiff resists this motion, contending that the discharge did not operate against the plaintiff because of Martin's failure to comply with specified provisions of the Bankruptcy Act.

Defendants are officers and/or stockholders of Midwest Engineering Development Company, Inc., which company entered into a loan agreement with the Mercantile Bank and Trust Company in order to finance government defense contracts. The Department of the Army guaranteed the indebtedness incurred pursuant to the agreement to the extent of ninety per cent, promising to purchase the indebtedness to that extent upon demand from the bank. Additionally, the defendants jointly and severally guaranteed repayment in full.

During the period from January to June in 1951, Midwest borrowed substantial sums from the bank. And, in June, 1951, the Department of the Army purchased the indebtedness. Seventy-five Thousand Seven Hundred Fifty-four Dollars and thirty-eight cents ($75,754.38) and proper interest is now due and owing on the indebtedness. Midwest was never formally dissolved, but it has exhausted all of its assets, and the plaintiff is now suing the defendants as guarantors to recover the amount due.

After this action was begun, defendant Martin, on his voluntary petition, was adjudged a bankrupt and was discharged from his debts on October 18, 1963. (In re Ray L. Martin, Bankrupt, No. 10625–B–4). This discharge, Martin now contends, relieved him from liability for the indebtedness here sued upon, and con-

stitutes good ground for dismissal of the action as to him.

The schedules filed with Martin's bankruptcy petition included the indebtedness here sued upon; however, the creditor was listed only as the United States of America. No address was given; and no notice was given to the United States except for that given to the Commissioner of Internal Revenue in Wichita, Kansas. Although the papers filed in the bankruptcy action did not so indicate, the papers filed in the present action (which were in the possession of the defendant at the time of the commencement of the bankruptcy action) showed that the debt sued upon was due to the United States, acting through its agent, the Department of the Army.

The pertinent provision of the Bankruptcy Act with regard to scheduling and notice to the government is § 58, sub. e (11 U.S.C.A. § 94, sub. e). It provides in part that

" * * * Whenever the schedules of the bankrupt, or the list of creditors of the bankrupt, or any other papers filed in the case disclose a debt to the United States acting through any department, agency, or instrumentality thereof, (except for any internal revenue obligation payable to the Secretary of the Treasury or his delegate) a notice of the first meeting shall be mailed as well to the head of such department, agency, or instrumentality."

Relative to discharge, the Bankruptcy Act, § 17 (11 U.S.C.A. § 35), provides:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; * * *."

Plaintiff contends that Martin's failure to specifically schedule and notify the Department of the Army constituted non-compliance with § 58, sub. e; that Martin therefore failed to "duly schedule" the debt; and consequently, the referee's decree of discharge did not affect the debt here sued upon.

Although § 58, sub. e requires a notification to the Department, it does not require that the Department be scheduled. Hence, in order to affirm the plaintiff's reasoning, and to avoid the charge that this constitutes an unpermitted collateral attack on the bankruptcy proceedings (see 1 Collier on Bankruptcy, ¶ 15.02, pp. 1493–494 (14th ed. 1962)), I would be required to hold that the proper interpretation of § 58, sub. e requires not only notification, but also scheduling of the Department.

The only reported case dealing directly with this problem appears to be United States v. Golenburg, 175 F.Supp. 415 (N.D.Ohio 1959). There the debt was owed to the War Assets Office of the General Services Administration; although this agency was not listed, other agencies of the United States were listed. In response to the defendant's argument that since the District Attorney held the note sued upon, his knowledge should be imputed to the War Assets Office, the court held:

" * * * (T)he only manner in which a debt owing to the United States is dischargeable in bankruptcy is if the particular agency to which the debt is payable is duly scheduled and properly notified * * *." l. c. 418.

By duly scheduled, the court meant that it would be necessary to comply with § 58, sub. e and to set out in detail the agencies through which the debt was due the United States.

Pointing out that the provisions requiring notification of the particular government agency involved were added by amendment to the original provisions of the Act, which required only notification to the Commissioner of Internal Revenue and the Collector for the particular judicial District involved, the court said:

"The legislative history of the amendment indicates that the pur-

pose was 'to make certain that notice of bankruptcy proceedings affecting claims of the Government against a bankrupt shall be given to the appropriate representative of the Government so that the interest of the Government may be fully and timely protected.' 2 U.S.Code Congressional & Administrative Service 1951, p. 1550—Letter of H. P. Chandler, Director of Administrative Office, U. S. Courts to Senator McCarran." 1. c. 417.

 Believing that the Golenburg interpretation of § 58, sub. e closely carries out the aim and spirit of the Bankruptcy Act and the intent of the amendment as evidenced by its legislative history, I hold that full compliance with § 58, sub. e requires not only a notification of the particular agency involved, but also a listing of that agency on the schedules submitted by the bankrupt. Cf. Hermetic Seal Products Co., P. R. v. United States, 307 F.2d 809 (1st Cir. 1962).

My decision is made with awareness of, but is unchanged by, the knowledge of the bankruptcy proceedings which the government has by virtue of the fact that the Assistant United States Attorney represented the plaintiff in the bankruptcy proceedings as well as in these proceedings, or by the knowledge which the Internal Revenue Department may have. The knowledge of these agencies may not reasonably be imputed to the Department of the Army. United States v. Golenburg, supra; United States v. Yale Transport Corp., 184 F.Supp. 42 (S.D.N.Y.1960).

Nor can Martin contend that this defense constitutes an unpermitted collateral attack on the order of discharge.

"Where the creditor seeks to avoid the operation of a discharge on the ground that his claim was not 'duly scheduled' he does not make a collateral attack, or in fact any attack, upon the discharge, but seeks merely to bring himself within the terms of § 17a for the purpose of showing that his claim is not affected by the discharge." 1 Collier on Bankruptcy, § 17.24 [7], p. 1675 (14th ed. 1962).

Subsequent to the presentation of this motion the defendant, Martin, has moved for a re-hearing, alleging that he has re-opened the proceedings in bankruptcy and has now complied with § 58, sub. e.

It is ordered that the motion be granted and that this matter be set down for re-hearing on notice.