**In re H. & C. TABLE CO., INC., Bankrupt.**

**UNITED STATES of America, Plaintiff,**

**v.**

**David S. KENNEDY, Trustee, Defendant.**

**No. 78–2043.**

United States District Court,
W. D. Tennessee, W. D.

Sept. 22, 1978.

United States on behalf of the Small Business Administration (SBA). The bankrupt borrowed money from the SBA on certain real property, which had an estimated market value in excess of the loan. When H & C was involved in bankruptcy proceedings, a notice of the first meeting of creditors was sent to the SBA, which was represented at the meeting by two attorneys from the Nashville Office. At the same time, however, no notice was sent to the United States Attorney as required by Rule 203(g), Rules of Bankruptcy Procedure.

Convinced by the SBA representatives that the debtor had no equity in the real estate, the Trustee, with the approval of the Court, disclaimed the property which was sold at foreclosure involving a deficiency of $10,269.37, which is at issue in this contest.

Notice of the final meeting of creditors was sent in November of 1977, approximately one year after the first meeting, and because some claims subject to objection involved the SBA, the Trustee notified both the SBA and the United States Attorney. The latter, maintaining that this was the first notice he had of these proceedings, then filed a proof of claim on behalf of the SBA which had previously neglected to follow this procedure.

The Referee in Bankruptcy disallowed the SBA claim because first, the time limit for filing claims is mandatory and may not be expanded beyond the six months' limit; and, second, because the claim filed could not be properly considered as an amendment because there was nothing in writing within the six months' period indicating the SBA claim. The Referee in Bankruptcy ruled that there was no equitable authority to excuse late filing and that the plaintiff did not come within the exceptions found in Rule 302(e), Rules of Bankruptcy Procedure.

It is apparent in this record that the representatives and lawyers of the SBA were negligent or guilty of serious oversight in failing to file a claim on behalf of the SBA as usually required. The United

Arthur S. Kahn, Asst. U. S. Atty., W. J. Michael Cody, U. S. Atty., Memphis, Tenn., for plaintiff.

David S. Kennedy, Memphis, Tenn., Joel S. Porter, Memphis, Tenn., Robert S. Wellman, Nashville, Tenn., for defendant and bankrupt.

## ORDER

WELLFORD, District Judge.

This is a Bankruptcy appeal involving an attempted late filing of a claim by the

States, however, is a monstrous government, involving many agencies, and it is apparent that one agency of the United States does not always know what another agency is doing. This, of course, is the basis for Rule 203(g), requiring that notice of a government agency's claim in a bankruptcy proceeding be given to the legal office of the United States, the United States Attorney. Section 58(e) of the Bankruptcy Act itself, however, requires only the notification of the agency concerned, and certainly the SBA was the real party in interest in this proceeding. 11 U.S.C. § 94(e).

The Court rules, however, that there is a substantial basis for the requirements of the Rule and that the United States Attorney should be notified in all instances where a government agency is a creditor, or apparent creditor, in a bankruptcy situation. Failure to notify the United States Attorney, even though the agency itself was notified, could well bring about a situation where the rights of the United States could or might be jeopardized. The law should be strictly observed with regard to time limitations for the filing of claims, but the Bankruptcy Court in the exercise of equitable jurisdiction may permit a claim to be filed and proved to prevent either fraud or injustice. *Pepper v. Litton,* 308 U.S. 295, 304–305 n. 11, 60 S.Ct. 238, 84 L.Ed. 281 (1939). The appropriate representative of the government was not notified in this case and notice to the agency, though appropriate, is not imputable to the United States Attorney. *United States v. Omer,* 232 F.Supp. 746 (D.Kan.1964); *United States v. Golenburg,* 175 F.Supp. 415 (N.D.Ohio 1959).

Under the circumstances, the Bankruptcy Court has the equitable power to allow late filed claims to prevent injustice. *In re Comac Co.,* 402 F.Supp. 43 (E.D.Mich. 1975).

Under these circumstances, the matter is remanded to the Referee in Bankruptcy to determine whether he should exercise his equitable power to allow the late filed claim under these conditions, or whether the debt owed the SBA should be dischargeable otherwise.