**TORWICO ELECTRONICS, INC.,**
Plaintiff/Appellee,

v.

**STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION AND ENERGY,** Defendant/Appellant.

**Civ. No. 92–1828 (AET).**

United States District Court,
D. New Jersey.

Dec. 8, 1992.

Rachel Lehr, New Jersey Dept. of Public Safety, Div. of Law, Trenton, NJ, for defendant/appellant.

Timothy P. Neumann, Wood, Broege, Neumann & Fischer, Manasquan, NJ, for plaintiff/appellee.

**MEMORANDUM AND ORDER**

ANNE E. THOMPSON, District Judge.

This matter is before the Court on an appeal by the State of New Jersey, Department of Environmental Protection and Energy ("DEPE") from the Bankruptcy Court's judgment, filed September 20, 1991, in favor of Torwico Electronics, Inc. ("Torwico"), a manufacturer of electronic transformers. DEPE is appealing a final judgment of the Bankruptcy Court, and this Court has jurisdiction pursuant to 28 U.S.C.A. § 158(a) (West 1992). The Bankruptcy Court's legal conclusions are subject to plenary review, and its factual findings are examined under a clearly erroneous standard. *See* Fed.R.Bankr.P. 8013; *J.P.*

*Fyfe, Inc. v. Bradco Supply Corp.*, 891 F.2d 66, 69 (3d Cir.1989) (citations omitted).

### Background

The parties' dispute arises from an illegal seepage pit located on property that Torwico had leased from George Allen Associates ("GAA"). Torwico relocated after the lease ended in September 1985; however, it subsequently entered into an agreement with GAA to share certain costs related to New Jersey's Environmental Cleanup Responsibility Act ("ECRA"). *See* N.J.Stat.Ann. §§ 13:1K–6 to –14 (West 1991). On August 4, 1989, Torwico filed its Chapter 11 bankruptcy petition. In October 1989, the Bankruptcy Court issued an order declaring that January 2, 1990 was the last day on which a party could file a proof of claim or interest. DEPE, however, asserts that it did not receive notice of Torwico's bankruptcy filing.

In November 1989, DEPE inspected Torwico's former site and discovered the seepage pit containing hazardous wastes. The contamination, moreover, had migrated from the pit into off-site ground waters. Torwico denies that it used or even knew of the seepage pit during its operations on the former site. In late March 1990, Torwico filed an adversary proceeding seeking to preclude DEPE from imposing any liability or enforcing any obligation for environmental cleanup. Torwico reasoned that such a liability or obligation would constitute a claim under Chapter 11 of the Bankruptcy Code, and that DEPE was barred from pursuing any claims because of its failure to file a timely proof of claim. In response, DEPE argued that its efforts to ensure that Torwico complies with environmental laws constitute an exercise of the state's police power and would not be dischargeable in bankruptcy.

In early April 1990, DEPE issued an Administrative Order and Notice of Civil Administrative Penalty Assessment to Torwico which required *inter alia* that Torwico develop a closure plan for the seepage pit. In August 1990, DEPE issued a Notice of Violation of ECRA to Torwico and GAA. In November 1990, Torwico filed a motion with the Bankruptcy Court for summary judgment and injunctive relief, and DEPE cross-moved for summary judgment. Following oral argument on January 14, 1991, and supplemental briefing and reargument on April 1, 1991, the Bankruptcy Court issued its opinion and order. *See In re Torwico Elecs., Inc.*, 131 B.R. 561 (Bankr.D.N.J.1991).

The Bankruptcy Court held that the Torwico's cleanup obligation was an unsecured claim. *Id.* at 572; *see also* 11 U.S.C.A. § 101(5) (West Supp.1992). It reasoned that "where a debtor in bankruptcy cannot clean up environmental contamination ... without paying money, the obligation to clean up pursuant to an injunction is a debt which is dischargeable in bankruptcy." 131 B.R. at 569. Following this conclusion, the Bankruptcy Court held that the DEPE's claim was time-barred and that the sections of ECRA which "purport to dictate the treatment of cleanup obligations in bankruptcy" are void under the Supremacy Clause. *Id.* at 573, 576; *see also* N.J.Stat. Ann. § 13:1K–12 (West 1991) ("No obligations imposed by this act shall constitute a lien or claim which may be limited or discharged in a bankruptcy proceeding.").

### Discussion

In *Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985), the Supreme Court affirmed the Sixth Circuit's conclusion that the debtor's "cleanup duty had been reduced to a monetary obligation," and constituted a claim under the Bankruptcy Code. *Id.* at 282, 105 S.Ct. at 709. In *Kovacs*, however, the state's attorney conceded in oral argument that the only performance sought from the debtor was the payment of money. *See id.* at 283, 105 S.Ct. at 710. Thus, *Kovacs* does not mandate that all prepetition cleanup obligations are equivalent to monetary obligations. In *Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986), the Supreme Court held that a bankruptcy trustee cannot abandon property in contravention of state environmental statutes and regulations.

*Id.* at 507, 106 S.Ct. at 762. Although *Midlantic* specifically addressed the issue of a bankruptcy trustee's abandonment power, it clarified that: "Congress did not intend for the Bankruptcy Code to preempt all state laws." *Id.* at 505, 106 S.Ct. at 761.

In *Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267 (3d Cir.1984), the Third Circuit interpreted sections 362(b)(4) & (5) of the Bankruptcy Code,[1] and addressed the issue of whether the actions of the Pennsylvania Department of Environmental Resources ("DER") were an attempt to enforce a money judgment. *Id.* at 272. The *Penn Terra* court concluded that "the suit brought by DER to compel Penn Terra to remedy environmental hazards was properly brought as an equitable action to prevent future harm, and did not constitute an action to enforce a money judgment." *See id.* at 278. Although the bankruptcy stay provisions contain a specific exception for the exercise of police or regulatory power, and the provisions defining bankruptcy claims do not, *Penn Terra* recognizes that requiring a debtor "to rectify harmful environmental hazards" entails the exercise of state regulatory powers. *Id.* at 274.

In *In re Chateaugay Corp.*, 944 F.2d 997 (2d Cir.1991), the Second Circuit recognized the difficulty in classifying a debtor's obligation to clean up a toxic waste site that continues to leach hazardous substances into nearby water supplies. *See id.* at 1007. This obligation contains two elements: (1) to stop the on-going pollution, and (2) to cleanup the toxic substances which may have been deposited before the debtor filed for bankruptcy. The *Chateaugay* court concluded that: "[A] cleanup order that accomplishes the dual objectives of removing accumulated wastes and stopping or ameliorating on-going pollution emanating from such wastes is not a dischargeable claim." *Id.* at 1008.

■ In this case, the DEPE has no alternative payment remedy under ECRA and is

attempting to remedy both past and ongoing pollution. In light of the foregoing case law, the Court concludes that Torwico's cleanup obligation under ECRA is not a dischargeable unsecured claim. The Court, therefore, need not reach the issue of whether the DEPE's purported claim would be time-barred. Similarly, since this conclusion eliminates the alleged conflict between ECRA and the Bankruptcy Code, the Supremacy Clause issue does not arise. *See Perez v. Campbell*, 402 U.S. 637, 644, 91 S.Ct. 1704, 1708, 29 L.Ed.2d 233 (1971).

For all these reasons, it is on this 8th day of December 1992;

**ORDERED** that the Department of Environmental Protection and Energy's appeal of the Bankruptcy Court's decision granting Torwico Electronics, Inc. an injunction prohibiting the State from enforcing certain environmental laws be and hereby is granted, and it is further;

**ORDERED** that the Bankruptcy Court's ruling that Torwico Electronics, Inc.'s cleanup obligation is an unsecured claim be and hereby is reversed, and that the remainder of the Bankruptcy Court's decision be and hereby is vacated.

---

**1.** Section 362(b)(4) provides that no bankruptcy stay applies to the "commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C.A. § 362(b)(4) (West 1979). Section 362(b)(5) provides that the stay applies to money judgments even if in furtherance of the state's regulatory power. *See id.* § 362(b)(5).