**Greta LINDER, Appellant/Claimant,**

v.

**TRUMP'S CASTLE ASSOCIATES, et al., Respondents/Debtors.**

**Civ. No. 93–371 (JEI).**

United States District Court, D. New Jersey.

June 7, 1993.

Mutchko & Sheppard by Jeffrey M. Sheppard, Atlantic City, NJ, for appellant.

Schwartz, Tobia & Stanziale by Jennifer D. Stone, Montclair, NJ, for respondent/debtor.

## AMENDED OPINION

IRENAS, District Judge.

Personal injury claimant, Greta Linder, appeals from an order of the Bankruptcy Court dated November 30, 1992, (Honorable Judith H. Wizmur, U.S.B.J.), denying her motion for additional time in which to file a proof of claim under Rules 9006(b)(1) and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure.[1]

*Background*

The facts behind this appeal are both simple and undisputed. On February 4, 1991 appellant, Greta Linder, filed a personal injury action against the "Trump Castle Casino Resort by the Bay" in the Superior Court of New Jersey, Atlantic County. The complaint alleged that on October 19, 1989 plaintiff was caused to slip and fall near the entrance of the hotel and casino by a broken or raised tile. After discovery the parties participated in an ar-

---

**1.** The rules provide in relevant part that:

The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Fed.R.Bankr.P. 3003(c)(3).

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. Fed.R.Bankr.P. 9006(b)(1).

bitration. The arbitration panel assessed seventy percent of the "causal negligence" to defendant and found plaintiff's damages in the amount of $18,550.

On March 9, 1992, the respondent filed a petition for reorganization under Chapter 11 of the United States Bankruptcy Code. On that same day, Judge Wizmur entered an order setting the "bar date" [2] as April 20, 1992 and requiring the debtor to mail notice of the bar date under Rule 2002(a)(8) to all creditors by March 19, 1992. The Court authorized Claudia King & Associates to serve as the debtor's claims agent under 28 U.S.C. § 156(c), who certified that they mailed the notice of bar date to appellant's counsel, Jeffrey Sheppard, on March 19, 1992 and that as of October 23, 1992, the notice had not been returned.

Mr. Sheppard maintains that he never received any notice of the bar date. On September 29, 1992, he filed a motion for leave to file Ms. Linder's proof of claim out of time. In support of that motion, he filed a certification stating that he never received a copy of the notice of bar date. He certified further that he was unaware of any obligation to file a proof of claim or a deadline for doing so, and that he was never apprised of any such obligation.

Judge Wizmur heard argument on the motion on October 26 and rendered an oral opinion denying the motion on November 13, 1992. The court explained that, "[I]t may be recognized that non-receipt of notice of a bar date for filing a proof of claim constitutes excusable neglect providing cause for extending the time to file ..." *In re Matter of Trump's Castle Associates*, Transcript of Proceedings at 4 (Bankr.D.N.J., Nov. 13, 1992) (J. Wizmur) (citing *In re Yoder Co.*, 758 F.2d 1114 (6th Cir.1985)). The court cited *In re Torwico Electronics, Inc.*, 131 B.R. 561, 572–73 (Bankr.D.N.J.1991) for the propositions that a properly addressed letter mailed at a post office is presumed to have timely reached its destination and that a mere denial of receipt does not rebut the pre-sumption. *Trump's Castle* at 5. Accordingly the court framed the question as whether Mr. Sheppard had rebutted the presumption of receipt.

The court expressly gave the certifications on both sides equal weight and concluded, "I must opt to enforce the basic proposition that mere denial of non-receipt is insufficient to rebut the presumption of receipt, for the reasons advanced by Judge Stripp in *Torwico*." *Id.* at 8.

*Discussion*

■ In reviewing an order of the bankruptcy court, the district court must apply the "clearly erroneous" standard to the bankruptcy court's findings of facts. Fed.R.Bankr.P. 8013. Generally a bankruptcy court's conclusions of law are subject to plenary review, *In re Hanratty*, 907 F.2d 1418, 1422 (3d Cir.1990); *J.P. Fyfe, Inc. v. Bradco Supply Corp.*, 891 F.2d 66, 69 (3d Cir.1989). However, because of the permissive language found in Rules 9006(b) and 3003(c)(3), the court's extension of the time in which a proof of claim could be filed shall be reviewed for an abuse of discretion. *In re Vertientes, Ltd.*, 845 F.2d 57 (3d Cir.1988).

A preliminary issue is whether notice served on a lawyer retained by a plaintiff for a personal injury action may fairly be imputed to the client after the defendant has filed for bankruptcy. Bankruptcy Rule 2002(a)(8) requires notice by mail of the time fixed for filing proofs of claims pursuant to Rule 3003(c)(3). The court below assumed without discussion that providing such notice to a creditor's counsel was sufficient without also providing it to the creditor.

■ Where the attorney served is already representing the claimant in the bankruptcy we would readily agree. The general rule in bankruptcy cases, as well as other types of cases, is that notice served upon counsel satisfies any requirement to give notice to the party. *Irwin v. Veterans Admin.*, 498 U.S. 89, 92, 111 S.Ct. 453,

---

**2.** The bar date is the deadline for filing proofs of claims and interests under Bankruptcy Rule 3003(c)(3).

456, 112 L.Ed.2d 435 (1990) (*citing Link v Wabash R. Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)).

It is not self-evident, however, that this rule applies to circumstances in which a lawyer's representation may have ended or in which a client who retained a lawyer for one purpose may subsequently choose a different lawyer to handle the matter where, as in this case, the nature of the action has changed. This is an especially plausible circumstance where a defendant files for bankruptcy. In this era of increasing legal specialization, there may be good plaintiffs' lawyers who feel that a matter should be handled by bankruptcy counsel after the defendant has filed for protection under the Bankruptcy Code.

Some courts have held that notice to the attorney binds the client only when given in the context of his or her representation of the client in the bankruptcy case itself. *See Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir.1985) (citing 3 L. King, *Collier on Bankruptcy* § 523.13 (15th ed.1984)). *See also In re Yoder Co.*, 758 F.2d 1114, 1117 n. 1 (6th Cir.1985). However, both *Maldonado* and the treatise conclude, and we agree, that ordinarily notice to the attorney can be imputed to the client if the attorney is representing the client regarding a claim against the debtor.[3] Because Sheppard was representing Linder in her claim against respondent at the time the notice was mailed, we concur with the bankruptcy court that if notice was properly served upon Sheppard it may fairly be imputed to Linder.

Another preliminary question is whether this court should follow the rule in *In re Torwico Electronics, Inc.*, 131 B.R. 561, 573 (D.N.J.1991),[4] that a mere denial will not rebut the presumption of receipt created by proof of mailing to a correct address.[5] Although Bankruptcy Judge Stripp cited authority for this proposition, including the opinion in *In re Cresta*, 40 B.R. 953 (Bankr.E.D.Pa.1984), the case law on the issue is not unanimous.

*In re Yoder Co.* held that testimony of non-receipt, standing alone, might be sufficient to rebut the presumption of receipt upon proof of mailing. In that case, like the case at bar, the bankruptcy court held that the evidence suggesting proper mailing created a presumption of receipt which could not be overcome by the lawyer's testimony to the contrary. *Id.* at 1118. The district court affirmed, but the Sixth Circuit reversed, citing earlier cases in which evidence of non-receipt had been held sufficient to rebut the presumption. *Id.* (citations omitted).

*Torwico* purported to distinguish *Yoder* on the basis that there was no proof that the debtor in that case had mailed the claimant a copy of the notice, *id.* at 573. While *Yoder* did raise some doubt about whether the notice had been mailed to the correct address, it did not expressly overrule the bankruptcy finding that such mailing had in fact been made. *Id.* at 1117. *Yoder* did suggest, however, that any doubts about the fact of mailing might be considered in determining whether the addressee's denial of receipt is credible. *Id.* at 1120–1121.[6]

---

**3.** Debtors who are defending large numbers of law suits have routinely dealt with plaintiffs' counsel, and there would be practical problems in imposing a rule which invalidated notices mailed to those attorneys rather than directly to the plaintiffs. Indeed, one could anticipate more late filing disputes if notices of a bar date were mailed directly to the plaintiff rather than to his attorney.

**4.** On appeal the district court reversed, holding that Torwico's cleanup obligation was not a dischargeable unsecured claim. Because DEPE's "claim" was not dischargeable, the court did not reach any other issue and vacated the bankruptcy court's ruling. *Torwico Electronics*

*Inc. v. New Jersey Dept. of Environmental Protection and Energy*, 153 B.R. 24 (1992).

**5.** There appears to be no Third Circuit opinion on point. Judge Wizmur made parenthetical reference to *Chrysler Motors Corp. v. Schneiderman*, 940 F.2d 911 (3d Cir.1991), but that case is not helpful here because the court held that where the creditor had mailed his proof of claim to the court, the presumption of *receipt* could not be used to create a presumption of *filing*. *Id.* at 913.

**6.** Some of the same ambiguity which existed in *Yoder* may also exist here. Respondent's certification (signed by an employee of Claudia King

■ *Yoder*'s rejection of an absolute rule that testimony denying receipt is insufficient to rebut the presumption of receipt is well reasoned, its facts are not dissimilar to those in this case, and its holding is probably even more persuasive in light of the Supreme Court decision in *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) which is discussed at length hereafter.

The Supreme Court case most frequently cited in support of the presumption is *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932). In *Hagner* the court stated the rule that a properly directed letter mailed from a post office creates a presumption that it reached its destination in the usual time and was actually received by the addressee. *Id.* (citation omitted). Although *Hagner* did not discuss the quantum of evidence needed to rebut the presumption, it must be read in light of Fed.R.Evid. 301 which was adopted many years later. The rule that a mere denial is not enough to rebut the presumption is arguably inconsistent with Rule 301 which states that a presumption "imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast." [7]

Perhaps the most important question about the application of *Torwico* and similar holdings to the case at bar is the effect of the Supreme Court's recent decision in *Pioneer Investment Services v. Brunswick Associates* where the Court clarified the term "excusable neglect" as used in Bankruptcy Rule 9006(b)(1) and held that courts should consider not only the conduct to be excused but also prejudice to the debtor and the interests of judicial administration. *Pioneer Investment Services,* — U.S. at ——, 113 S.Ct. at 1499. Although the Court's opinion only discussed excusable neglect upon admitted receipt rather than a denial of receipt (two issues which may be analytically distinct), it is now

& Associates, respondent's court-approved agent for service) indicates that the notice was mailed to:

> Creditor # 319
> Linder, Greta
> % [sic] Jeffrey M. Sheppard
> Office of G. Mutchko
> 2617 Artic [sic] Avenue, PO Box 207
> Atlantic City, NJ 08401

Although respondent's brief states that Linder was listed with her attorney's address on "Schedule F" as an unsecured creditor, there is no indication that appellant made any showing to the bankruptcy court as to the exact form of the notice or address used.

In evaluating whether the presumption of receipt has been rebutted for the purpose of determining whether proper notice had been given, information such as the precise address on the envelope, the precise form of the notice, and whether the notice contained the claimant's name may be relevant. It should be noted that the unsigned form which appellant submitted in lieu of Judge Wizmur's actual order regarding service of notice did not contain a copy of the form of notice annexed to it as "Exhibit A."

**7.** Considered in view of Rule 301, a presumption can be thought of as creating a *prima facie* case of the presumed fact. The reason for the presumption is that a party has direct evidence of one fact from which a second fact logically follows. The presumption merely allows the court to infer the second fact from evidence of the first. Because neither the Rule nor the presumption alters the normal allocation of the burden of persuasion, no evidentiary justification appears for the rule that a mere denial should be per se inadequate. On the contrary, whether a party's evidence is sufficient to rebut a presumption is a matter for the determination of the fact-finder who must consider issues such as credibility, the circumstances surrounding the giving of the notice, and the applicable burden of persuasion. Although the issue has not been briefed by the parties, it would certainly appear that a debtor seeking to prevent the filing of a claim after the passage of the bar date would have the burden of persuasion that notice was *given* in accordance with Rule 2002(a)(8). It is less clear who has the burden of persuasion on the issue of *receipt* of the notice, although to the extent that *Torwico* or similar cases have any vitality after *Pioneer Investment Services,* it may be as authority for the proposition that the burden of proving non-receipt should fall on the creditor. *See* footnote 6, *infra; Yoder* at 1119–1120 (discussion on interpretation of Rule 301); Fed.R.Civ.P. 5(b) and N.J.R.Gen.App. 1:5–4(b). This issue should be considered by the bankruptcy court on remand.

doubtful that any legitimate justification for the "mere denial" rule remains.[8]

A judicial opinion will apply to all other cases pending at any level when it is rendered if the court applied it to the parties before the court. *In re Graham*, 973 F.2d 1089, 1102 (3d Cir.1992). The Third Circuit relied on the Supreme Court's decision in *James B. Beam Distilling Co. v. Georgia*, — U.S. —, —, 111 S.Ct. 2439, 2446, 115 L.Ed.2d 481 (1991), in which the Court held it was error not to apply a rule of federal law retroactively, where the case announcing the rule has already done so. After discussing the views of several Justices who wrote separate opinions, the court noted, "The one common thread among the positions of these six Justices is that all agree if a rule is applied in the case currently before the Court, it must be applied to all other pending cases." *Graham*, at 1102.

In *Pioneer Investment Services* the bankruptcy court had denied the creditor's motion to file a late proof of claim where missing the bar date was essentially due to inadvertence of the creditor's lawyer. On remand with instructions to apply the so-called "Dix factors,"[9] the bankruptcy court again denied the motion. — U.S. at —, 113 S.Ct. at 1493. The Court of Appeals reversed, finding that the bankruptcy court had inappropriately penalized the creditor for the lawyer's error because the creditor

had asked whether there were any impending filing deadlines. *Id.*

In an opinion describing the proper analysis for excusable neglect under Rule 9006(b)(1), the Court affirmed. *Id.* at —, 113 S.Ct. at 1500. Because the Court's holding was applied to the parties before it, that holding should be applied to this case.

After explaining neglect within the meaning of the Rule, the Court discussed what sorts of neglect will be considered "excusable." The Court stated, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services* at —, 113 S.Ct. at 1498. The Court listed "the danger of prejudice to the debtor, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" as relevant factors to be considered. *Id.*

The only issue on which the Court criticized the Court of Appeals was the latter's focus on the conduct of the respondents rather than that of their lawyer. The Court of Appeals had concluded that it would be inappropriate to penalize the respondents for the omissions of their attorney because the ultimate responsibility for

---

**8.** At bottom this case presents the difficult question of how to reconcile the rule that a mere denial is insufficient to rebut the presumption of receipt with the now quite lenient standard for excusable neglect announced in *Pioneer Investment Services*. At first glance, it is tempting to try to apply an excusable neglect analysis to a case in which receipt is presumed. (For the purpose of legal analysis a fact should be a fact whether established by presumption or otherwise.) However, it is somewhat strained for an attorney to argue with one breath that he didn't receive a notice (in which case there was no "neglect") and with another that his neglect in filing a proof of claim was excusable notwithstanding his "presumed" receipt of the notice.

*Torwico* seems unnecessarily harsh in light of *Pioneer Investment Services*. The rule in *Torwico* is based on the implicit assumptions that: 1) if a creditor really did not receive the notice he should be able to prove it with something more than a mere denial, and 2) if he cannot rebut the presumption, his denial must be a lie. While the first assumption is questionable be-

cause of the inherent difficulty in proving a negative, and the second blithely predicts that someone (in this case a member of the bar) will commit perjury, the assumptions are rational at least to the extent that there exists some plausible motive to lie about receipt. If excusable neglect is established only when delay is due to circumstances beyond the recipient's control, *see, e.g., In re South Atlantic Financial Corp.,* 767 F.2d 814 (11th Cir.1985), a lawyer might feel that arguing non-receipt will be the only road to relief. Because *Pioneer Investment Services* will make many cases of inadvertence excusable, it is more difficult to imagine a scenario in which a claimant or his lawyer receiving notice will choose to commit perjury rather than claim excusable neglect. Hence the rule in *Torwico* seems significantly undercut by the holding in *Pioneer Investment Services*.

**9.** *In re Dix*, 95 B.R. 134 (9th Cir.Bankr.App.Panel 1988).

filing the proofs of claims rested with counsel. *Id.* at ——, 113 S.Ct. at 1499.

The Supreme Court disagreed, explaining that in other contexts clients have been held accountable for the acts and omissions of their attorneys. The rationale is that in a representative litigation system in which a party freely chooses his representative, he cannot later avoid the acts or omissions of his freely selected agent. *Id.* at ——, 113 S.Ct. at 1499 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Nevertheless, the Court ultimately agreed with the court of appeals that the lawyer's neglect was excusable. In its conclusion, the Court stated, "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." *Id.* —— U.S. at ——, 113 S.Ct. at 1499.

■ *Pioneer Investment Services* requires a court to weigh three different factors in deciding whether there is excusable neglect under Rule 9006(b)(1): the conduct of the party and his counsel; prejudice to the debtor; and the interests of efficient judicial administration.

■ On the conduct side of the analysis, the facts of this case are more compelling than those of *Pioneer Investment Services* in at least three important respects. First, appellant, Greta Linder, did not select her lawyer, Jeffrey Sheppard, to represent her in the **bankruptcy** action. Linder retained Sheppard to represent her in her personal injury action against respondent. There is no indication in the record that either Linder or her lawyer had any actual knowledge of respondent's Chapter 11 petition when the bar date notice was mailed in

March, 1992. Second, unlike the claimants in *Pioneer Investment Services*, the bar date notice was never mailed directly to Linder. Finally, the claimants in *Pioneer Investment Services* were sophisticated business entities with actual knowledge of the bar date who selected experienced bankruptcy counsel to represent their interests. The contrast with Linder and Sheppard is obvious.

Citing *In re Vertientes, Ltd.* 845 F.2d 57 (3d Cir.1988), the bankruptcy court rejected the contention that it should consider the absence of any prejudice to the debtor from allowing the late claim, stating the determination of excusable neglect must focus on the activities of the movant. Even before *Pioneer Investment Services*, other courts had held that absence of prejudice to the petitioner is one of several relevant factors in the excusable neglect analysis. *See, e.g., In re Pioneer Investment Services Co.*, 943 F.2d 673 (6th Cir.1991); *In re Dix*, 95 B.R. 134 (Bankr. 9th Cir.1988). In light of *Pioneer Investment Services*, the bankruptcy court should have considered whether granting Linder's motion at the time it was filed would have prejudiced the debtor or efficient judicial administration.[10]

Because *Pioneer Investment Services* was decided after Judge Wizmur rendered her decision, the order refusing to allow the appellant to file a late proof of claim is reversed and the case is remanded to the bankruptcy court to reconsider its decision in light of the Supreme Court's holding.

The Court will enter an order in conformance with this opinion.

---

**10.** Two circumstances appear from the briefs, however, that may be relevant to the court's analysis of these factors on remand. The first is the length of the delay which is relevant to both prejudice and judicial administration. Rather than applying an arbitrary temporal rule, the degree to which prejudice and interference with judicial administration may increase as the tardiness of the claim increases will depend on the time frame and complexity of the case. In some cases a claim that is six months late will create substantial prejudice and interference, and in others it would create none.

The second is the relationship between the plan of reorganization and the claim. Appellant characterized the plan in this case as an arrangement between the debtor and certain bond holders and indicated that most of the creditors were to be unaffected by the plan. If this is true, or if the claim is covered by liability insurance, allowing appellant's claim at the time of her motion may have had no effect on either the substance of the plan or the court's administration, but this is a matter to be considered by the bankruptcy court on remand.