**In re HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.**

**Bankruptcy No. 89–9715–8P1 to 89–9746–8P1 and 90–11997–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 5, 1994.

See also, 166 B.R. 461.

Don Stichter, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, and Michael Crames, Kaye, Scholer, Fierman, Hays & Handler, New York City, for debtors.

P. O'Hearn, Jones, Day, Reavis & Pogue, Atlanta, GA, Marc Kirschner, Jones, Day, Reavis & Pogue, New York City, and Zala Forizs, St. Petersburg, FL, for Creditors Committee.

Daniel Golden, Stroock & Stroock & Lavan, New York City, and John Genovese, Stroock & Stroock & Lavan, Miami, FL, for Bondholders Committee.

Sara Kistler, U.S. Trustee, Tampa, FL.

Dennis LeVine, Cramer, Haber, McDonald & LeVine, P.A., Tampa, FL, for movant.

## ORDER ON MOTION FOR LEAVE TO FILE FORMAL AMENDED PROOF OF CLAIM AND MOTION TO ENLARGE TIME TO FILE PROOF OF CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THESE are yet-to-be confirmed Chapter 11 cases and the matter under consideration is a Motion for Leave to File Formal Amended Proof of Claim and Motion to Enlarge Time to File Proof of Claim filed by Thomas A. Cevera, Jennifer Cevera, and Doreen Beth Cevera (Claimants) in the above captioned Chapter 11 cases. In their Motions, the Claimants seek leave of this Court to either file a formal amended proof of claim, or an enlargement of the time to file a proof of claim. The facts relevant to resolution of this controversy are as follows:

On March 19, 1989, prior to the commencement of these cases, the Claimants were involved in an automobile accident allegedly caused by an employee of Jim Walter Corporation (JWC) one of the Debtors involved in these corporate reorganization cases. Doreen Beth Cevera claims she suffered personal injuries in the automobile accident. Subsequent to the automobile accident, the Claimants retained the law firm of Ruben Hope & Associates, P.C. (Ruben Hope) to represent them in pressing their claims arising out of the accident. The Claimants granted the law firm a lien on any proceeds they are able to recover.

On December 27, 1989, the Debtors filed its Petitions for Relief under Chapter 11 of the Bankruptcy Code. On February 21, 1991, the Claimants filed a lawsuit against the Debtors for damages sustained as a result of the automobile accident. The Claimants were unaware of the pendency of the Chapter 11 case. The lawsuit was served on JWC. Upon receipt of the service, JWC filed a "Notice of Automatic Stay and Notice of Case Under Chapter 11 of the Bankruptcy Code." A copy of the Notice was also mailed to the law firm of Ruben Hope who are representing the claimants in the personal injury action.

On June 23, 1992, the Debtors filed a Motion to Establish Procedure for Resolution of Tort Claims. The Motion requested that all personal injury claimants should be required to file a proof of claim setting forth the basic facts underlying their claims based on tort, and an explanation of the losses claimed to have been sustained. The Motion also sought to fix a bar date by which time these claims will have to be filed.

On August 12, 1992, this Court entered an Order and fixed October 30, 1992 as the bar date for filing proofs of claim by all personal injury claimants. The Order also recited that the insurers, if any involved, and claimants shall have ninety days from the bar date to negotiate a settlement of these claims if so deemed to be advised. This ninety day period expired on January 31, 1993.

In late summer or early fall of 1992, the claimant changed attorneys and hired the firm of K. Michael Mayes, P.C. (Mayes). The Claimants' file was transferred from the law firm of Ruben Hope to Mayes in early fall of 1992. It is without dispute that neither the Motion filed by the Debtor to establish the claim procedure and to fix the bar date nor the Order Establishing Procedure

for Resolution of Tort Claims was served ever on the Claimants. While, the Motion was served on the law firm of Ruben Hope, yet, the Order setting forth the bar date was not served on Ruben Hope. In addition, no notice of appearance was ever filed in this Court by the State Court counsel for the Claimants.

On January 27, 1993, the Debtors filed a Motion to Extend Time to Complete Claims Resolution Procedure. On March 3 1993, this Court entered an Order granting the Motion to Extend Time, extending all periods set forth in the Order setting the claims resolution procedure by ninety days, or until April 30, 1993. However, the Order did not extend the bar date for the filing of proofs of claim.

On March 1, 1993, a proof of claim was filed by the Claimants by Mr. Mayes. This proof of claim met all the requirements set forth in this Court's Order Establishing Procedure for Resolution of Tort Claims.

The Debtor did not file an objection to the Claimants claim. Instead, the Debtor filed an adversary proceeding seeking (1) a declaration that the Ceveras' claim is untimely, and (2) an injunction to prevent Cevera from pursuing a claim against the Debtors' insurance carrier. It is undisputed that the Debtors properly served the Complaint on the Claimants at their home address.

▮ Based upon these facts, the Claimants seek a determination by this Court that the proof of claim filed by the Claimants is timely notwithstanding its filing after the bar date because of excusable neglect, or in the alternative, that the disallowance of the claim will violate the Claimants due process rights.

What constitutes excusable neglect was recently addressed by the United States Supreme Court in a factually similar case. *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* — U.S. —, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In *Pioneer*, the Debtor filed a petition under Chapter 11. The Court mailed out a "Notice for Meeting of Creditors" to all creditors. The Notice inconspicuously stated that the bar date for filing claims was August 3, 1989. This Notice was received by Brunswick, a creditor. Prior to the expiration of the claims bar date, Brunswick delivered this Notice to its bankruptcy counsel, Marc Richards. Richards failed to file a timely proof of

claim for Brunswick. However, on August 23, 1989, Richards filed a motion to permit a late filed claim pursuant to Bankruptcy Rule 9006(b)(1). The motion stated that Richards had recently left his former law firm, that he did not have access to his copy of the case file which contained the Notice containing the bar date.

The Supreme Court stated that neglect is defined as "to give little attention or respect to a matter, or to leave undone or unattended through carelessness." *Id.* at —, —, 113 S.Ct. at 1494, 1495. Absent explicit language to the contrary, courts should assume that Congress intended that the words in its enactments carry their ordinary, contemporary, common meaning. *Id.* at —, 113 S.Ct. at 1495; *Perrin v. United States,* 444 U.S. 37, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979).

The Court in *Pioneer* stated that the determination of whether the neglect is excusable is an equitable one, taking into account all relevant circumstances surrounding the creditor's omission. *Id.* at —, 113 S.Ct. at 1495. The court then adopted the following list of factors which a court should consider when making this determination:

1) whether granting delay will prejudice the debtor;

2) the length of the delay and its impact on efficient court administration;

3) whether the delay was beyond the reasonable control of the person whose duty it was to perform;

4) whether the creditor acted in good faith.

*Id.* at —, 113 S.Ct. at 1493.

In the present instance, the record contains no evidence that granting the Claimants motion will cause prejudicial delay to the Debtors. At this point in time, the Debtor is still months away from the confirmation of one of the four Plans of Reorganization. Certainly the extension of time from October 30, 1993 to March 1, 1993, an extension of four months will not delay the progress of this case.

In addition, the proof of claim was filed prior to the expiration of the claims resolu-

tion process, providing the Debtors with notice of the claim in enough time to consider it and settle it through the claims resolution process. In view of this, this Court is satisfied that the Debtor will suffer no prejudice in the extension of time to deem the proof of claim timely filed.

For the same reasons, an extension of time will not significantly impact upon this Court's administration of this case. With the confirmation months away, and the prospect of claims litigation continuing beyond confirmation, granting an extension will not diminish from this Court's ability to efficiently administer this Chapter 11.

Furthermore, the delay in filing the proof of claim was beyond the control of the Claimants. It is undisputed that the Claimants were not served with the Motion and Order setting out the claims bar date. It is clear that the Claimants should not be penalized for the mistake of counsel. In the case of *Linder v. Trump's Castle Associates,* 155 B.R. 102 (D.N.J.1993), the court considered the conduct of an individual and his counsel in relation to the filing of a timely proof of claim. The court found significant three important points.

> First, appellant, Greta Linder, did not select her lawyer, Jeffrey Sheppard, to represent her in the bankruptcy action. Linder retained Sheppard to represent her in her personal injury action against respondent. There is no indication in the record that either Linder or her lawyer had any actual knowledge of respondent's Chapter 11 petition when the bar date notice was mailed in March, 1992. Second, unlike the claimants in *Pioneer Investment Services,* the bar date notice was never mailed directly to Linder. Finally, the claimants in *Pioneer Investment Services* were sophisticated business entities with actual knowledge of the bar date who selected experienced bankruptcy counsel to represent their interests. The contract with Linder and Sheppard is obvious.

*Id.* at 108.

The facts of the present instance are remarkably similar to *Linder.* It is clear that Ruben Hope was initially employed by the Claimants to represent them in the personal injury action, and were not experienced bankruptcy attorneys, and not selected for representation in the subsequent bankruptcy case. It is clear that Ruben Hope did not file an appearance in the bankruptcy case, further emphasizing the fact that Ruben Hope were employed to represent the Claimants' interests in the state court personal injury action only. Finally, the failure to personally serve the Claimants with the Motion and Order setting forth the claims bar date placed the Claimants in a situation which prevented the Claimants from timely filing a proof of claim. There is no doubt that the Claimants filed their proof of claim as soon as they learned of the bar date.

 Finally, the failure to serve the Motion and Order setting the claims bar date violates the Claimants right to due process. All actual and potential claimants are entitled to actual personal notice of the bar date which will affect the substantive right of the claimant to assert the claim. *In re Waterman Steamship Corporation,* 157 B.R. 220 (S.D.N.Y.1993).

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them and opportunity to present their objections.

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The requirement for actual notice to the claimant is the law in the Eleventh Circuit. *In re Spring Valley Farms, Inc.,* 863 F.2d 832 (11th Cir.1989).

Having concluded that notice to the Claimants was necessary, the next step is to determine, whether the notice provided by the Debtors was a reasonable means likely to inform creditors of the bar date. *Weigner v. City of New York,* 852 F.2d 646 (2d Cir.1988). Although publication notice may be sufficient for unknown creditors, actual notice must be given to creditors with reasonable ascertainable names and addresses. *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).

In the present instance, there is no doubt that the Debtors had an obligation to serve the Motion and Order setting the bar date for proofs of claim personally upon the Claimants and did not. In addition, it is clear that the Debtors had the information within its possession to personally serve the Claimants as a result of the state court litigation, and in fact used that information to serve the adversary proceeding complaint on the Claimants. Based upon the foregoing, this Court is satisfied that the Motion of the Claimants should be granted, and the time for filing proofs of claim for these claimants should be extended to March 1, 1993.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Enlarge Time to File Proof of Claim is hereby granted, and the time for filing proofs of claim for Thomas A. Cevera, Jennifer Cevera and Doreen Beth Cevera is hereby enlarged to March 1, 1993, and the proof of claim filed by the above named claimants is hereby deemed to be timely filed.

DONE AND ORDERED.