**In re LEISURE, INC., Debtor.**

No. 07–2248–3F1.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 16, 2008.

Albert H. Mickler, Jacksonville, FL, Bryan K. Mickler, for Debtor.

Elena L. Escamilla, Orlando, FL, for U.S. Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, United States Bankruptcy Judge.

This case came before the Court upon Motion of Zurich American Insurance Company ("Zurich") to Enlarge Time to File Proof of Claim. The Court conducted an evidentiary hearing on the matter on July 22, 2008. Upon the evidence and the pre-trial memoranda of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On May 30, 2007 (the "Petition Date") Leisure, Inc. ("Leisure") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Leisure owns land and a nightclub, which is situated upon the land. Leisure rents the land and nightclub to Bourbon Street Station Inc., which does business as Bourbon Street Station. Leisure has no employees. Raif Richa is the sole shareholder, officer, director and general manager of Leisure and Bourbon Street Station, Inc. Norman Richa, Raif Richa's brother, is the day to day manager of Bourbon Street Station, Inc. but has no corporate title at Leisure.

Prior to the Petition Date Zurich provided commercial general liability coverage to Leisure under Policy No. SCO 5917743 00 (the "Policy") (Zurich's Ex. 1.) for the period of December 17, 2005 through December 17, 2006. The Policy listed Leisure DBA Bourbon Street Station and Bourbon Street Station, Inc. as named insureds.

Paragraph 9 of the Policy, titled Separation of Insureds, provides that: "[e]xcept with respect to the Limits of Insurance, and any rights or duties specifically assigned in this policy to the first Named Insured, this insurance applies: (a) [a]s if each Named Insured were the only Named Insured; and (b) Separately to each insured against whom claim is made or 'suit' is brought." (*Id.*) The Policy contains a Self–Insured Retention Endorsement (the "SIR Endorsement"). (Zurich's Ex. 3.) The Self Insured Retention is an obligation upon the insured to satisfy the retention amount before the coverage is triggered. The Self Insured Retention Amount per each assault and battery claim is $50,000.

At some time in 2006 during the course of an altercation, a patron of Bourbon Street Station, Inc. was ushered out of the nightclub by a security guard and in the process was injured. The patron sued Bourbon Street Station, Inc. but not Leisure. The defense of the action was tendered to Zurich and a notice of claim was made. The named insured on the claim was Leisure d/b/a Bourbon Street Station. Because the insured did not cooperate in giving information to Zurich, Zurich obtained counsel and filed an answer in the lawsuit.

On December 14, 2006 Zurich sent a letter to Norman Richa at Leisure. (Zurich's Ex. 4.) The letter listed the insured as Leisure d/b/a Bourbon Street Station, Inc. The letter indicated that Zurich was in receipt of the complaint against "your company". The letter reserved Zurich's rights under the Self Insured Retention.

As the Court noted, Leisure filed its bankruptcy petition on May 30, 2007. Leisure did not list Zurich as a creditor on its bankruptcy schedules. On September 7, 2007 Zurich sent another letter to Norman

Richa at Leisure reiterating its rights under the Self–Insured Retention. No representative of Leisure responded to the September 7, 2007 letter or informed Zurich that Leisure had filed a bankruptcy petition on May 30, 2007.

On October 1, 2007 the Court entered an order which, among other things, set October 16, 2007 as the general bar date for creditors to file proofs of claim. Zurich did not receive a copy of that order. On December 17, 2007 the Court entered an order confirming Leisure's Plan of Reorganization.

Zurich eventually settled the lawsuit. As part of the settlement of the lawsuit, Zurich paid the SIR Retention amount without knowledge of Leisure's bankruptcy filing. Zurich became aware of Leisure's bankruptcy filing on December 26, 2007. Zurich filed the Motion to Enlarge Time to file Proof of Claim on April 16, 2008.

Joe Bucz, Zurich's claim director for North America, testified that because Leisure and Bourbon Street Station, Inc. are both named insureds on the Policy, payment by either one would have satisfied the Self Insured Retention.

### CONCLUSIONS OF LAW

■ Bankruptcy Rule 9006(b) permits a bankruptcy court to enlarge the time for taking an action after the time for taking that action has expired if the failure to act was the result of excusable neglect. Rule 9006(b)(1) permits the late filing of a proof of claim if the movant's failure to comply with the deadline was the result of excusable neglect. *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd., P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The determination is an equitable one, taking into account all relevant circumstances, including: (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was in the reasonable control of the movant, and (iv) whether the movant acted in good faith. *Id.*

### *Reason for Delay*

■ The Court turns first to the reason for the delay. It is undisputed that Zurich did not receive actual notice of the bar date in Leisure's bankruptcy case. Leisure argues that because Zurich never sued Leisure in the state court case, Zurich does not have a claim against Leisure, was not a creditor of Leisure, and was therefore not entitled to notice of Leisure's bankruptcy case. The Bankruptcy Code defines claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). The language used by Congress to define "claim" reflects its broad view of what constitutes a claim. *Pennsylvania Dep't of Public Welfare v. Davenport,* 495 U.S. 552, 558, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). Applying the broad definition of claim set forth in § 101(5), the Court finds that Zurich has a claim against Leisure. Both Leisure and Broad Street Station, Inc. were named on the Policy. According to Zurich's witness, a payment by either company would have satisfied the Self Insured Retention. Section 101(1) defines creditor as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." Because Zurich had a claim against Leisure that arose before Leisure filed its bankruptcy petition, Zurich is a creditor of Leisure.

It is a fundamental principle of due process that known creditors are entitled to actual notice of the claims bar date before that creditor's claim can be extinguished. *In re Spring Valley Farms, Inc.,* 863 F.2d 832, 835 (11th Cir.1989). Courts have routinely held that when a known creditor is not given actual notice of the claims bar date, a late claim is not barred. *In re Premier Membership Servs., LLC,* 276 B.R. 709, 713 (Bankr.S.D.Fla.2002) (holding that "known creditors are entitled to actual notice of a claims bar date before their claims can be extinguished ... A creditor in a reorganization has a 'right to assume' that he will receive all required notices before his claim will be forever barred."); *In re Hillsborough Holdings Corp.,* 172 B.R. 108, 111 (Bankr.M.D.Fla. 1994)("All actual and potential claimants are entitled to actual personal notice of the bar date which will affect the substantive right of the claimant to assert the claim"); In re *Charter Co.,* 125 B.R. 650, 654 (M.D.Fla.1991) ("Due process requires that the debtor's known creditors be given actual notice of the bar date"). The Court finds that Zurich's failure to file a claim in the case was because it did not receive notice of Leisure's bankruptcy or the claims bar date, a circumstance beyond its control.

### Danger of Prejudice to Debtor, Length of Delay and Potential Impact on Judicial Proceedings, and Movant's Good Faith

In light of the two letters Zurich sent to Leisure on December 14, 2006 and September 7, 2007 reminding it of the Self Insured Retention, the Court finds that Leisure was aware of Zurich's potential claim against it prior to and during the pendency of the bankruptcy case. To the extent that any prejudice would result to Leisure from Zurich being permitted to file its claim, such prejudice is attributable to Leisure. The Court finds that the length of time between Zurich becoming aware of the bankruptcy and the filing of the instant motion is not an unreasonable delay. The Court has no evidence before it of the impact of the delay on the case. Finally, the Court finds that Zurich acted in good faith. For the foregoing reasons, the Court finds it appropriate to permit Zurich to file a late claim.

The Court notes that these Findings and Conclusions are in no way a finding or conclusion as to the propriety or validity of Zurich's claim. The Court simply finds that Zurich is entitled to file a claim in this case. The Court saves the propriety or validity of the claim for another date.

### CONCLUSION

Zurich was entitled to receive notice of the claims bar date in Leisure's bankruptcy case. Zurich's failure to timely file a claim in the case was the result of excusable neglect. The Court will permit Zurich to file a late claim in this bankruptcy case. The Court will enter an order consistent with these Findings of Fact and Conclusions of Law.