**In re Phillip Gale HILL, Debtor.**

**Bankruptcy No. 90–00683–C.**

United States Bankruptcy Court,
N.D. Oklahoma.

Aug. 3, 1990.

Kenneth V. Todd, Tulsa, Okl., for debtor.

James W. Tilly, Tulsa, Okl., for Gene Maritan.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on to be heard upon the motion of Gene Maritan ("Maritan"), asking for leave to file an objection to the discharge of Phillip Gale Hill ("Hill"), after the time for filing such complaints has expired, and this Court having heard the evidence and arguments finds as follows.

## STATEMENT OF FACT

On March 19, 1990, Hill filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On Hill's schedule of liabilities Maritan was listed as a creditor. However, Maritan's address was not included on the schedule. The schedules reveal that 17 other creditors were listed as unsecured and each of these listings properly give the creditor's address. On March 21, 1990, the Clerk mailed a notice to all creditors informing them that a meeting of creditors would be held on April 10, 1990, and that the last day for filing a complaint objecting to the discharge of the Debtor or the dischargeability of a debt was June 11, 1990. Because Maritan's address was omitted from the schedules and the mailing matrix, Maritan did not receive a copy of this notice.

Hill and Maritan were previously co-owners of Hill Bending and Manufacturing Co. between 1984 and 1988 and Hill was well aware of Maritan's address. At the hearing on the motion, Hill offered no explanation for omitting the address of Maritan from the schedules or the mailing matrix. However, no evidence was introduced that Hill intentionally omitted Maritan's address for the purpose of preventing him from receiving notice of the bar date for filing objections.

A day or two after Hill's filing for bankruptcy, Maritan saw a notice of the bankruptcy filing in the paper and informed his attorney James W. Tilly ("Tilly"). Tilly immediately sent an intern from his office to the office of the bankruptcy clerk and obtained a copy of the schedules. Later on May 11, 1990, Tilly entered his appearance in the bankruptcy case. Neither Maritan, the intern, or Tilly ever examined the file of the bankruptcy case prior to June 11, 1990, the last day for filing objections, in order to determine this date. On or about June 18, 1990, Maritan's attorney discovered that June 11, 1990, was the last day for

filing objections to the discharge or to the dischargeability of a particular debt and informed Maritan of this fact. On June 26, 1990, Maritan filed a motion for leave to file an objection to the discharge of Hill out of time. The basis of Maritan's motion is that he never received formal notice from the Clerk of the Bankruptcy Court prior to the bar date of June 11, 1990, and therefore he should be granted leave to file out of time. The Debtor responds that both Maritan and his attorney had actual knowledge of the bankruptcy case more than two months before the bar date of June 11, 1990, and that they had ample time to file objections and should not be granted leave to file after the expiration of the bar date.

### CONCLUSION OF LAW

■ The issue to be decided is whether Maritan should be allowed to file an objection to the discharge of the Debtor out of time because he did not receive formal written notice of the last day for filing objections even though he had actual notice of the filing of the bankruptcy case more than two months before the expiration of the bar date. In order to answer this question, the following sections of the Code and bankruptcy rules must be considered. Section 521(1) of the Code provides as follows:

The debtor shall—

file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs; . . .

Bankruptcy Rule 1007(a)(1) provides as follows:

**LISTS, SCHEDULES AND STATEMENTS; TIME LIMITS**

**(a) List of Creditors and Equity Security Holders.**

(1) *Voluntary Case.* In a voluntary case, the debtor shall file with the petition a list containing the name and address of each creditor unless the petition is accompanied by a schedule of liabilities or a Chapter 13 Statement.

Bankruptcy Rule 4004(a) provides in part as follows:

### GRANT OR DENIAL OF DISCHARGE

**Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.** In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). . . . Not less than 25 days notice of the time so fixed shall be given to all creditors as provided in Rule 2002(f) and to the trustee and the trustee's attorney.

Rule 2002(f) provides:

**Other Notices.** Except as provided in subdivision (k) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, all creditors . . . (5) the time fixed for filing a complaint objecting to the debtor's discharge pursuant to § 727 of the Code as provided in Rule 4004; . . .

Rule 9006(b)(1) provides:

**TIME**

**Enlargement.**

(1) **In General.** Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Section 523(a)(3) of the Code states as follows:

A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt— . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ...

The effect of the above provisions is as follows:

1. The Debtor has a duty to list his creditors and their addresses.

2. The Clerk has a duty to notify the creditors of the last day for filing objections to the discharge at least 25 days before the expiration of time to file.

3. The creditor is required to file an objection to the discharge or to the dischargeability of a particular debt not later than 60 days after the meeting of creditors held pursuant to § 341 unless the Court enlarges the time. The time can be enlarged on a motion filed after expiration of the bar date only for excusable neglect.

4. A creditor's debt is discharged even if not listed or scheduled properly if the creditor had notice or actual knowledge of the case in time for filing a complaint to determine the dischargeability of a particular debt.

■ Four cases recently decided by United States Courts of Appeals have held that a creditor cannot file a complaint objecting to the dischargeability of a particular debt under § 523 of the Code out of time if the creditor had actual knowledge of the bankruptcy filing prior to the expiration of the bar date even though the creditor was not properly scheduled and received no formal notice of the bankruptcy. In *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987), creditor Neeley received a notice from the bankruptcy clerk advising of the initial § 341 creditors' meeting but the space for the deadline to file objections to the discharge or dischargeability was left blank. Neeley was represented at the creditors' meeting and eventually filed his objection to the dischargeability of his debt ten days after the 60–day limitation period had run. The Court of Appeals affirmed the dismissal of the complaint as time barred because the creditor had notice of the bankruptcy proceedings and more than ample opportunity to file his complaint in time. The court further held that the clerk's failure to provide notice of a time for filing objections does not suspend the running of the fixed limitation period where the creditor had actual notice of the bankruptcy filing. On page 347 the Court stated:

Moreover, § 523(c) of the Code, which Rule 4007 is designed to implement, places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability. The one narrow exception to this rule incorporates a duty-to-inquire approach to notice issues. Under § 523(a)(3)(B), a debt is not automatically discharged if the debtor fails to schedule the creditor *and* the creditor had no notice or *actual knowledge* of the case in time to file a claim and a request for determination of dischargeability. Thus, in cases such as this one, it would be inconsistent with the scheme of § 523 to require technical compliance with the notice provision of Rule 4007: this would place the creditor who has written notice of the bankruptcy (albeit deficient notice under the Rule) in a better position than the unlisted creditor whose debt is discharged under § 523(c) if he merely learns of the bankruptcy proceedings in time to protect his rights.

In today's case Neeley was not notified of the exact bar date but he knew of the bankruptcy proceedings.... ·

Faced with a practical inconsistency in the requirements of Rule 4007(c), we conclude that because Neeley had notice of the bankruptcy proceedings and more than ample opportunity to protect his rights under § 523(c), the purpose of the notice provision was met. The district

court properly dismissed Neeley's objection to dischargeability as time-barred.

The Neeley case was followed in the case of *Matter of Sam,* 894 F.2d 778 (5th Cir. 1990). In this case the creditor Grossie was not listed on the debtor's schedules and neither Grossie or his attorney received notice of the bankruptcy filing even though the parties had been engaged in litigation in the state court prior to the filing. Thereafter the debtor's attorney sent Grossie's attorney a notice of the automatic stay which identified the bankruptcy court, the names of the debtors, the case number, and the debtor's bankruptcy attorney. It did not, however, indicate the bar date for filing objections to the discharge or the dischargeability of a particular debt. On February 3, 1988, Grossie's attorney became aware that January 11, 1988, was the last date for filing objections. The Court of Appeals dismissed the creditor's complaint because it was not timely filed even though the creditor was never notified of the bar date and received actual notice of the bankruptcy only 18 days before expiration of said date. The Court of Appeals said that creditor Grossie had a duty to make inquiry and to ascertain the bar date after it was notified of the debtor's bankruptcy and that this requirement was not so burdensome as to outweigh the need for an expeditious administration of bankruptcy cases. The court said on page 781:

[O]ur construction of the rule and the statutes in *Neeley* simply recognized that the purpose of the notice requirement is satisfied when the creditor has actual knowledge of the case in time to permit him to take steps to protect his rights. Under such circumstances, technical compliance with Rule 4007(c)'s requirement that the creditor receive thirty days notice of the bar date frustrates the expeditious and efficient administration of cases in the bankruptcy court and is unnecessary to provide adequate notice.

Thus, with respect to Grossie's constitutional claims, we note once again, that all constitutional due process requires in this case is that he have "notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." ...

In the *Matter of Compton,* 891 F.2d 1180 (5th Cir.1990), the creditor never received actual notice of the bankruptcy filing or of the last day for objecting to the discharge or dischargeability because the creditor's address was not properly listed in the schedules. However, prior to the expiration of the bar date, debtors' attorney notified creditor's attorney that the debtors had filed bankruptcy. The Court of Appeals affirmed the dismissal of the complaint as being untimely and stated on page 1184 as follows:

As noted above, Debtors listed a Mr. and Mrs. Sanchez on their schedules. However, the notice sent did not reach the Creditors because the Debtors listed an incorrect address....

The fact that a debt is improperly scheduled does not necessarily create a right to file a complaint against discharge late. as [*In re*] *Adams,* [734 F.2d 1094 (5th Cir.1984)] *supra,* implies, where a creditor has actual knowledge of the proceedings, the debt may still be dischargeable. *See also In re Frankina,* 29 B.R. 983, 985 (Bankr.E.D.Mich.1983) ("The [Plaintiffs'] contention that the mere failure of the debtor to list their proper address in the schedules gives them the right to file a late complaint is without merit".) ...

Precedent in case law also upholds a finding that notice of bankruptcy proceedings received in time to act prior to the filing deadlines, without formal notice of filing deadlines, constitutes sufficient notice—even in cases alleging fraud. Although there is a dearth of case law directly on this point in the Fifth Circuit, at least one case, *Neeley v. Murchison,* is apposite. 815 F.2d 345 (5th Cir.1987)....

*See also In re Price,* 871 F.2d 97 (9th Cir.1989), where the court stated on page 99:

[T]he fact that Price failed to list Lompa as a creditor did not relieve Lompa of his obligation to take timely action to protect his claim. *See In re Alton,* 837

F.2d 457, 460 (11th Cir.1988) ("The statutory language [of section 523(a)(3)(B)] clearly contemplates that mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates.") *Neeley v. Murchison,* 815 F.2d 345, 347 (5th Cir.1987).

In light of our determination that the appellant was on notice that Price had filed for bankruptcy relief, the appellant's due process argument is without merit. When Lompa's attorney was notified of the bankruptcy of Price, Lompa was given reasonable notice of the action, and he had sufficient opportunity to present his objections at the time. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *In re Gregory,* 705 F.2d 1118, 1123 (9th Cir.1983).

The Tenth Circuit has had an opportunity to consider a similar issue in the case of *In re Green,* 876 F.2d 854 (10th Cir.1989). The bankruptcy court and district court had dismissed a creditor's complaint to determine dischargeability as untimely. The bankruptcy court found that the creditor had actual timely notice of the bankruptcy filing *and the bar date* and dismissed the creditor's complaint. Both the District Court and Court of Appeals affirmed. The Court of Appeals stated as follows:

The question is whether a creditor who does not receive formal notice of the filing of a petition for bankruptcy relief under Chapter 7, but who has actual knowledge shortly after the filing, is bound by the bar date for filing complaints to determine dischargeability. We hold the question is answered in the affirmative....

Additionally, the district court pointed out 11 U.S.C. § 523(a)(3)(A) contemplates that the debt of a creditor with *"actual knowledge* of the [bankruptcy] case in time for ... timely filing [of a proof of claim]" will be discharged notwithstanding failure of formal notice. 11 U.S.C. § 523(a)(3)(A) (emphasis added). Thus, the court reasoned the Code "clearly con-

templates" that actual notice of a bar date received in time to file a complaint to determine dischargeability will foreclose an untimely complaint. We agree with the district court and the reasoning it employed in support of that conclusion....

The Green case is distinguishable from the present case and the cases cited above because the Court of Appeals found that the creditor had actual notice not only of the filing of the bankruptcy but also *actual notice of the bar date.* This difference however is not important because the Tenth Circuit indicated a clear intent that complaints objecting to the dischargeability of a debt could not be filed late if the creditor had actual knowledge of the filing of the petition in bankruptcy in time to file an objection.

In the present case, the creditor is asking to file a complaint objecting to the entire discharge of the Debtor out of time. The above cases only discuss filing a late complaint in regard to the discharge of a particular debt. However, this Court feels the rationale used in these cases is applicable to the issue presented in the present case.

The creditor herein relies primarily upon the following cases. *City of New York v. New York, New Haven & Hartford Railroad Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333; *In re Herd,* 840 F.2d 757 (10th Cir.1988); *Reliable Elec. Co., Inc. v. Olson Constr. Co.,* 726 F.2d 620 (10th Cir.1984) and *South Dakota Cement Plant v. Jimco Ready Mix Co.,* 57 B.R. 396 (D.S.D.1986).

In the *City of New York v. New York, New Haven & Hartford Railroad Co.* the city had a lien against the debtor's property and the property was sold free and clear of its lien and its lien was declared void because the city had not filed its claim within the bar date fixed by the court. The city had not received formal notice from the court of the bar date. The United States Supreme Court held that the voiding of the city's lien violated due process and was unconstitutional because it had not received such notice even though the city had actual knowledge of the bankruptcy

proceedings. The Supreme Court stated on 344 U.S. page 297, 73 S.Ct. on page 301 as follows:

> Nor can the bar order against New York be sustained because of the city's knowledge that reorganization of the railroad was taking place in the court. The argument is that such knowledge puts a duty on creditors to inquire for themselves about possible court orders limiting the time for filing claims. But even creditors who have knowledge of a reorganization have a right to assume that the statutory "reasonable notice" will be given them before their claims are forever barred. When the judge ordered notice by mail to be given the appearing creditors, New York City acted reasonably in waiting to receive the same treatment.
>
> The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights. New York City has not been accorded that kind of notice.

In the *Herd* case, the Tenth Circuit quoted with approval the City of New York case. In the *Herd* case a notice to creditors fixed the last day for filing a proof of claim as March 9, 1983. This notice was in error as the proper date for filing claims was March 9, 1984. The creditor filed a claim subsequent to March 9, 1984, and it was denied as untimely. The United States Court of Appeals reversed and stated as follows on page 759:

> [I]n *Reliable Elec. Co., Inc. v. Olson Constr. Co.*, 726 F.2d 620, 623 (10th Cir., 1984), we discussed the requirement that adequate formal notice must be given to known creditors to be constitutionally adequate. Even if a creditor is aware of bankruptcy proceedings, there must be reasonable notice before a claim will be barred for untimeliness. *New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953)....
>
> The responsibility does not lie with the creditors or claimants to search out what is required procedurally of them in this situation. The law provides

them with a right to appropriate, effective notice. Bankruptcy Rule 2002(a)(8); *Reliable Elec. Co., Inc. v. Olson Constr. Co.*, 726 F.2d 620 (10th Cir., 1984); 5 Collier on Bankruptcy para. 1141.01[4][b] (15th ed.). Actual knowledge of the filing of a bankruptcy does not negate the statutory notice requirements nor does it place a duty on creditors to inquire regarding the time limitations for filing claims. *New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953)....

In the *Reliable Electric* case, the bankruptcy court found that although creditor Olson possessed knowledge of the reorganization proceeding in general, it did not receive actual notice of the confirmation hearing. The court concluded therefore that Olson's claim was not discharged pursuant to the provisions of a plan. The court stated on page 621 and following as follows:

> [T]he bankruptcy court issued an order, containing findings of fact and conclusions of law, denying Reliable's motions. The court found that because Reliable failed to schedule Olson as a creditor and failed to notify Olson of the confirmation hearing and because Olson's claim would be substantially impaired without due process of law if it were forced to comply with the Plan, Olson's claim was not subject to the confirmed Plan and, therefore, not discharged. The district court denied Reliable's petition for review of the bankruptcy court's ruling....
>
> Despite this, no formal notice of any kind regarding the organization proceedings, or the time and manner of filing a claim, was ever given to Olson prior to the confirmation hearing. The apparent notice given to Olson prior to the counterclaim filing was inadequate notice of the confirmation hearing. (n. omitted) Although Olson's attorney was generally aware of Reliable's involvement in reorganization proceedings, Olson was essentially denied the opportunity to be heard at the confirmation hearing....

As specifically applied to bankruptcy reorganization proceedings, the Court has held that a creditor, who has general knowledge of a debtor's reorganization proceeding, has no duty to inquire about further court action. The creditor has a "right to assume" that he will receive all of the notices required by statute before his claim is forever barred.... Thus, Olson acted reasonably when it expected the same formal notice of the confirmation hearing which was sent to other identifiable creditors. Inasmuch as Olson was deprived of the opportunity to comment on Reliable's Third Amended Plan of Reorganization, it was denied due process of law....

In the *South Dakota Cement Plant* case the court held that where no notice was ever given to the creditor of any time limit on filing objections to the discharge, creditor's motion for extension of time to file a complaint objecting to the discharge was not subject to dismissal notwithstanding the fact that the time for filing a complaint had already run. The court stated on page 397 as follows:

[T]here is no dispute that no notice was ever given to the cement plant of any time limit on filing § 1141 objections. Bankruptcy rule 4004(a) is set in absolute terms. It provides that "[t]he court *shall* give not less than 25 days notice of the time" fixed for filing objections to discharge. *Id.* (Emphasis added.) *See also* Bank.R.Proc. 2002(f)(5)....

Debtors' argument must fail, however, because the Supreme Court has held that a creditor has a "right to assume" he will receive all the notices required before his substantive rights are defeated. *City of New York v. New York, New Haven & Hartford Railroad Co.,* 344 U.S. 293, 296–97, 73 S.Ct. 299, 301 97 L.Ed. 333 (1953); *Reliable Electric Co. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir.1984)....

As in many areas of bankruptcy law, there are apparently two lines of authority which this Court can follow. The first line being that if a creditor has actual knowledge of the bankruptcy proceeding it must file its complaint to determine the dischargeability of a debt (and presumably a complaint to object to the discharge) within the bar date even though no formal notice of said date was received from the bankruptcy court. These cases hold that a creditor has a duty to examine the files and discover the bar date if they have actual notice of the bankruptcy case. The other line of cases hold that a creditor need not comply with bar date requirements if they have not received formal notice from the bankruptcy court even though they had knowledge of the bankruptcy proceedings. These cases hold that a creditor has no duty to search out the files of the bankruptcy case to determine the various bar dates.

This Court will hold with the first line of cases and find that if creditors have actual notice of the bankruptcy proceedings, they have a duty to search out the files of the bankruptcy case to determine the various bar dates. If creditors fail to do this, they will not be allowed to file a complaint objecting to the discharge or dischargeability of any debt subsequent to the bar date even though they did not receive formal notice of the date from the Clerk of the Bankruptcy Court. This, it seems to this Court, to be the better view because of the clear expression of congressional intent in § 523(c) which states:

[T]hat a creditor's claim is discharged even though it was not properly scheduled if the creditor had actual knowledge of the bankruptcy case in time to file an objection to the discharge or dischargeability or file a claim before the expiration of the bar date....

Also to be considered is Rule 9006 which states that a time for doing an act can be enlarged on a motion filed after the time has expired only if there is excusable neglect. (This rule was not discussed in any of the above cases).

■ In the present case, there has been no excusable neglect. Maritan and his attorney, Tilly, had knowledge of the bankruptcy case more than two months before the expiration of the bar date. They went to the Bankruptcy Clerk and obtained cop-

ies of the schedules and Tilly entered his appearance in the case. It is inexcusable that neither Tilly nor Maritan examined the files to determine the last date for objecting to the discharge.

Also under the facts of this case, there is no evidence that Hill omitted Maritan's address with the intent to prevent him from learning of the bankruptcy filing. Hill and Maritan had been co-owners of a corporation and had done business together for several years. They both live in Tulsa, Oklahoma and it is not reasonable to believe that Hill thought he could keep his bankruptcy a secret from Maritan.

The Court will, therefore, for the reasons stated herein, enter a separate judgment order denying the motion of Maritan for leave to file a complaint after the expiration of the bar date.