**FRANKLIN SAVINGS ASSOCIATION and Franklin Savings Corporation, Plaintiffs,**

v.

**OFFICE OF THRIFT SUPERVISION and Kansas Savings and Loan Department, Defendants.**

Civ. A. No. 90–4054–DES.

United States District Court, District of Kansas.

Jan. 21, 1993.

Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, KS, David E. Everson, Jr., Stinson, Mag & Fizzell, Charles W. German, Brant M. Laue, Rouse, Hendricks, German, May & Shank, Kansas City, MO, Richard F. Hunter, Fischer, Hughes & Bessette, Malone, NY, for plaintiffs.

Jan M. Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, Thomas J. Loughran, H. Lowell Brown, Finkelstein, Thompson & Loughran, Thomas J. Segal, Office of Thrift Supervision, Paul W. Grace, Steven W. Dimmick, Cheryl Johnson, Graham & James, Washington, DC, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motion by plaintiffs Franklin Savings Association ("FSA") and Franklin Savings Corporation ("FSC") for review of the bill of costs submitted by the defendant Office of Thrift Supervision ("OTS") (Doc. 429). The OTS submitted a bill of costs seeking $122,019.60 in costs against FSC. These costs were taxed as submitted.

The plaintiffs contend the bill of costs violates the automatic bankruptcy stay as to FSC, 11 U.S.C. § 362, and should be denied in full. In the alternative, the plaintiffs contend the costs should have been assessed against FSA or split between FSA and FSC, because the FSA board authorized the litigation. Finally, the plaintiffs maintain that numerous allowed costs were improper and the total should be reduced. Because the court finds an assessment of costs against FSC violates the automatic bankruptcy stay, the court will deny in total the bill of costs submitted by the OTS.

This court's review of the clerk's assessment of costs is *de novo. Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232–33, 85 S.Ct. 411, 415–16, 13 L.Ed.2d 248 (1964). The court is guided in its review by 28 U.S.C. § 1920, Fed.R.Civ.P. 54(d), and D. Kan. Rule 219, which provide for the award of costs.

Pursuant to 11 U.S.C. § 362, the filing of a petition in bankruptcy operates as an automatic stay of the following:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose be-

fore the commencement of the case under this title.... [1]

A claim under the Bankruptcy Code is to be construed very broadly and includes any right to payment "whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. § 101(5)(A); *Matter of M. Frenville Co., Inc.,* 744 F.2d 332, 336 (3rd Cir.1984) (citing the legislative history showing the intent of Congress that "claim" be liberally construed).

■ The timing of events in this case and the broad construction the court must give the concept of "claim," lead this court to the conclusion that awarding costs to OTS would violate the bankruptcy stay. On May 28, 1991, the Tenth Circuit Court of Appeals reversed and vacated this court's judgment and remanded the case for dismissal, 934 F.2d 1127. This entitled the OTS to costs under the applicable statutes.[2] Subsequently, on July 26, 1991, FSC filed its Chapter 11 petition in the United States Bankruptcy Court. Thus, FSC's liability for costs was a prepetition debt, which was subject to the automatic bankruptcy stay.

■ OTS urges this court for leave to move the Bankruptcy Court to lift the stay. The court will deny OTS's request. The defendant had 30 days after the dismissal of this case within which to file its bill of costs. *See* D. Kan. Rule 219. OTS knew FSC had filed its bankruptcy petition and had plenty of time to file its motion for relief from the stay. Because it did not act

in a timely fashion, OTS has waived its right to pursue such a remedy.

IT IS BY THE COURT THEREFORE ORDERED that the motion by plaintiffs Franklin Savings Association and Franklin Savings Corporation to retax the costs is granted and OTS is denied its costs in total (Doc. 429).

---

1. The court finds that 11 U.S.C. § 362(b)(4) does not prevent a finding that this action is barred by the bankruptcy stay. While OTS's interests in this litigation may be purely regulatory, the legislative history of this section makes it very clear that the posture of this case is not what Congress had in mind in enacting the provision.

   " 'Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or

proceeding is not stayed under the automatic stay.' "
*In Re Commonwealth Companies, Inc.,* 913 F.2d 518, 522 (8th Cir.1990). The court further finds that 28 U.S.C. § 959(a) is inapplicable to this action.

2. The court is aware that the plaintiffs filed a motion for rehearing and a petition for a *writ of certiorari,* both of which were denied after the bankruptcy petition was filed, delaying until postpetition the ultimate dismissal. The court finds this does not affect its conclusion that OTS had a claim, albeit not matured, once the Tenth Circuit reversed this court's decision.