In re Robert Edward KERN, Jr., Debtor.

Bonita A. KERN, Plaintiff,

v.

Robert Edward KERN, Jr., Defendant.

Bankruptcy No. B–89–06254–PHX–GBN. Adv. No. 93–1094–GBN.

United States Bankruptcy Court, D. Arizona.

Aug. 31, 1994.

Bonita Ann Kern, pro se.

Robert E. Kern, Jr., pro se.

## ORDER

GEORGE B. NIELSEN, Jr., Chief Judge.

This proceeding is before the Court for determination whether the adversary complaint, filed under 11 U.S.C. § 523(a)(2), (4), should be dismissed as untimely. *See* 11 U.S.C. § 523(c)(1), Rule 4007(c), Fed. Bankr.R. The *pro se* parties were required by order of March 2, 1994, to submit additional pleadings on this issue. Adversary Docket No. 11. Both have done so. Docket Nos. 12, 13.

Based on these materials and existing law, debtor has provided appropriate notice to plaintiff of his bankruptcy and the deadline for filing nondischargeability complaints. Accordingly, there is no legal excuse for plaintiff's late-filed complaint. *See Kelly v. Gordon (In re Gordon)*, 988 F.2d 1000, 1001 (9th Cir.1993). Plaintiff's complaint and cause of action are dismissed. The Court's reasoning for this decision follows. Plaintiff is advised she has ten days to perfect an appeal of this decision to either the United States District Court for the District of Arizona or the Bankruptcy Appellate Panel of the United States Court of Appeals for the Ninth Circuit. Rule 8002(a), Fed.Bankr.R.

## I

On July 11, 1989, Robert Edward Kern, Jr. filed bankruptcy. The § 523(c) deadline for filing complaints to determine dischargeability was set for October 23, 1989. Notice of this deadline and the first meeting of creditors was mailed on August 2, 1989. Administrative Docket 2. Twenty-seven copies were sent by the Clerk of Court. *Id.* The instant complaint was untimely filed on November 2, 1993. Adversary Docket 1.

Debtor listed 17 creditors, one of whom was plaintiff Bonita A. Kern, a former spouse. The address listed by debtor for Ms. Kern in the schedules and master mailing list, was 3301 Monroe, NE, B–21, Albuquerque, NM 87110. Exhibits D and E to Adversary Docket 13. There is no indication mail, including the bar date notice, sent to the Monroe address by this Court was returned.

Mr. Kern asserts less than three weeks before the bankruptcy, Ms. Kern listed her 3301 Monroe address on a writ of garnishment issued June 22, 1989, which was served on him.[1]

Ms. Kern states when she moved out of the Monroe address, she remained in Albuquerque. The landlord moved into her former residence. She was personally acquainted with the landlord and would stop to pick up mail that had not been forwarded. Adversary Docket 12 at 3. In August, she moved from a temporary address on Alegria Road in Albuquerque to Ohio. Administrative Docket 11 at 4 and attached Exhibit F. She states mail forwarded from the Monroe Street address did not reach her.

Ms. Kern states debtor's counsel traditionally wrote to her in care of her employer. She alleges debtor knew she was in Ohio and made no attempt to determine her address, such as by contacting relatives. Since the parties are cousins, they share common relatives, she asserts.

Plaintiff relates a number of occurrences she believes are relevant to the issue of notice. She had no success in collecting her judgment. Her New Mexico counsel allegedly assumed in June, 1989, that Attorney Geer was no longer debtor's counsel. Geer served as debtor's divorce lawyer in New Mexico.

On June 26, 1989, plaintiff's New Mexico attorney wrote to debtor at his Arizona address. Although two weeks later debtor would list the same address as his official address, he did not pick up certified mail. The post office notified debtor of the letter

on June 28, July 3 and July 13, 1989 and finally returned the letter as "unclaimed," according to plaintiff.

In response to Ms. Kern's New Mexico garnishment efforts, debtor filed a claim of exemption three days after the bankruptcy filing.

Plaintiff asserts there is evidence debtor knew how to find her. At the time of the divorce, Ms. Kern had custody of debtor's daughter, Katie, from a previous marriage. Katie eventually returned to live with her father in Arizona. Ms. Kern notes she has a daughter named Holly from her previous marriage. The girls are the same age and remained in contact.

When Ms. Kern returned to Ohio in the summer of 1989, she rejoined an extended family whose addresses debtor knew. Katie, who visited Ohio the previous summer, knew those addresses, and was living with debtor when he filed bankruptcy. If debtor was diligently seeking her address, his daughter could have helped, plaintiff argues.

## II

Debtor denies he knew Ms. Kern was in Ohio. He asserts he acquired a correct address when he received the writ of garnishment, 20 days before filing bankruptcy. He denies knowledge that Attorney Curry was still representing plaintiff. Debtor states it was not reasonable for him to contact her family in Ohio, given the difficult divorce. He further notes plaintiff did not move to Ohio until August, 1989.

Debtor states it is not reasonable to assume he would discuss his pending bankruptcy with his 15 year old daughter. It is not relevant his daughter may have known the Ohio address in September 1989, since debtor's bankruptcy was filed in July. He notes plaintiff's mail was not returned as undelivered.

Debtor's daughter allegedly denies she had knowledge of Ms. Kern's move to a tempo-

---

1. Actually, the address listed in the writ is 3301 Monroe NE # B–1, not the B–21 noted in the schedules. *See* Exhibit A to Adversary Docket 12. Debtor insists the B–1 address listed in the writ is incorrect and the correct number is B–21, as listed in the master mailing list and schedules. Debtor's Response at 4, Docket 12. Plaintiff does not dispute this assertion. The writ apparently was prepared by plaintiff's divorce counsel.

rary Albuquerque residence and then to Ohio. According to debtor, his daughter states after she moved back with her mother on January 8, 1989, she had no contact with Ms. Kern until May, 1989. She called plaintiff that May, using the phone number listed for the Monroe Street address. No mention was made about pending moves.

The daughter allegedly states she did not have Ms. Kern's Ohio address until December, 1990, when she received a letter from Holly. None of these conflicting contentions were tested in an evidentiary hearing. The issue is whether the address selected by debtor to notice plaintiff meet due process standards.

### III

 In determining whether a debt is duly scheduled,

The correct test is whether this debt was scheduled in time to permit a timely request for a determination of discharge or a timely proof of claim. . . . In order for a debt to be duly listed, the debtor must state the name and address of the creditor. . . . The burden is on the debtors to use reasonable diligence in completing their schedules and lists. . . . If a creditor proves that an address is incorrect, the debtor must justify the inaccuracy in preparing his schedules. . . . An incorrect or careless omission is not enough.

*Lubeck v. Littlefield's Restaurant Corporation (In re Fauchier)*, 71 B.R. 212, 215 (9th Cir. BAP 1987).

In *Fauchier*, it did not appear from the record that debtor tried to determine creditor's correct address. *Id.*

 Due process requires creditor receive notice of any bankruptcy proceeding which is to be accorded finality. *Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318, 320 (9th Cir. BAP 1991). Such notice must be reasonably calculated to apprise parties of the pendency of an action and afford an opportunity to present timely objections. *Id.*

 Ms. Kern's assertion that she did not actually receive the bar date notice does not dispose of this dispute. In *Moody v. Buck-*

*num (In re Bucknum)*, 951 F.2d 204, 206–07 (9th Cir.1991), the court held:

Where the bankruptcy court record shows a certificate of mailing and a complaining party submits an affidavit declaring notice was not received, the weight of the evidence favors the court's certificate. If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled. For this reason, an allegation that no notice was received does not, by itself, rebut the presumption of proper notice. [Omitting cited cases.]

The presumption can only be overcome by clear and convincing evidence the mailing was not, in fact, accomplished. *Id.* at 207. That burden has not been met.

The various noticing requirements imposed by the Code and Rules are designed to ensure creditors receive notice of important actions that could affect their rights. One of debtor's duties is to file a list of creditors. 11 U.S.C. § 521(1). Rule 1007(a), Fed. Bankr.R., requires debtors to file a list containing the name and correct address of each creditor.

 Ms. Kern argues debtor did not use proper diligence because he used an address not reasonably calculated to provide notice. Debtor states the address used was taken from a writ of garnishment filed shortly before his bankruptcy. There often are many ways debtors can notice creditors. The issue is whether the chosen method meets legal requirements.

It is clear Ms. Kern is listed on the master mailing list and in the schedules. The address used essentially mirrors that on a garnishment issued for her on June 22, 1989, 19 days before debtor filed bankruptcy. This is unlike *Fauchier*, where the Panel held two-year old addresses do not constitute reasonable diligence. 71 B.R. at 215.

Although Ms. Kern had moved before the bankruptcy, apparently even prior to the

date of the writ of garnishment,[2] she states, "I lived at the Monroe address and when I moved out I stayed in Albuquerque and the landlord moved into the unit I had previously rented. We were also friends and I would stop by and pick up any mail, that had not been forwarded properly. Never did I have a notice that a bankruptcy was pending." Statement at 3, Docket 12.

Plaintiff's statement suggests two things: (1) after she moved, she continued to stop by her former residence to pick up mail; and (2) she apparently submitted a change of address form with the post office, as she states she would pick up mail that "had not been forwarded properly." *Supra.*

█ Ms. Kern is correct in asserting her post-bankruptcy behavior in continuing to collect her judgment is not indicative of one who received actual notice of bankruptcy. Even assuming this, the inquiry is whether the notice sent, but not received, was reasonably calculated to reach this party. If the effort was proper, due process is satisfied. *Borsdorf v. Fairchild Aircraft Corp. (In re Fairchild Aircraft Corp.),* 128 B.R. 976, 983 (Bankr.W.D.Tex.1991).

The notice sent to plaintiff's former address was correctly addressed as listed on the master mailing list. Plaintiff continued to have access to mail sent to that address through friendship with the former landlord. It does not appear she has been denied due process or that debtor failed to exercise reasonable diligence in ascertaining her address. Quite simply, debtor provided an address for a creditor whose address was used days earlier in a legal writ drafted by plaintiff's counsel. Given timely notice and an untimely complaint, this Court is prohibited by law from considering the merits.

## IV

Based on the above, this complaint and cause of action are dismissed.

2. Attached at Exhibit F to plaintiff's motion to reopen the bankruptcy case is an envelope from her divorce counsel reflecting her address on Alegria Road in Albuquerque. Administrative

Docket 11. The postmark is dated May 4, 1989. This suggests her counsel improperly used her former address in the writ of June 22, 1989. If there was error, it was not debtor's error.