**Marcell E. DENMON, Plaintiff,**

v.

**Marvin T. RUNYON, Postmaster General of the United States, Defendant.**

**Civil Action No. 92–2144–EEO.**

United States District Court,
D. Kansas.

Jan. 21, 1997.

Marcell E. Denmon, Kansas City, MO, pro se.

Robert A. Olsen, Office of United States Attorney, Kansas City, KS, for defendant.

---

*MEMORANDUM AND ORDER*

EARL E. O'CONNOR, District Judge.

Pending before the court is Defendant's Motion to Renew Bill of Costs (Doc. # 230), originally filed with the Clerk on August 16, 1994 (Doc # 200). Plaintiff contends in his

response (Doc. # 231) that a discharge of debts resulting from a Chapter 7 bankruptcy proceeding in the Western District of Missouri on February 22, 1996, relieves him from a duty to pay defendant's bill of costs.

■ Defendant makes two arguments against discharge of the bill of costs. The first involves the question of when a bill of costs claim arises. Following the April 26, 1994, judgment against the plaintiff, and denial of post-trial motions on June 27, 1994, defendant filed a bill of costs with the Clerk on August 16, 1994. Plaintiff subsequently filed a timely notice of appeal on August 25, 1994. Fed.R.App.P. 4(a)(1). The Tenth Circuit affirmed this court's decision on June 28, 1996. In the interim, plaintiff filed for and received discharge from the bankruptcy court. Defendant concedes that it prematurely filed the bill of costs, failing to wait until "after the expiration of time allowed for appeal of a final judgment or decree." D.Kan.Rule 54.1.[1] After the Tenth Circuit Court affirmed this court's decision on June 28, 1996, defendant renewed its bill of costs on July 26, 1996.

Defendant argues that a claim did not arise until the June 28, 1996, decision of the Tenth Circuit, which made the judgment final. Defendant urges that we adopt a narrow, truncated definition of claim as a "right to payment" that must be legally accrued prior to the filing of the bankruptcy petition. 11 U.S.C. § 101(5). See Matter of Frenville Co., Inc., 744 F.2d 332 (3d Cir.1984). However, a competing approach would construe the express language and legislative intent of the statute broadly and define claim to include any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Frenville 744 F.2d at 336. The Tenth Circuit has specifically declined to determine the definition to be used. Franklin Sav. Ass'n. v. Office of Thrift Supervision, 31

F.3d 1020, 1022 (10th Cir.1994); In re Grynberg, 966 F.2d 570, 572 (10th Cir.1992).

In Batchellor v. Batchellor, Civ. No. 95–1526, 1996 WL 499133 (D.Kan. August 20, 1996), this court recently applied the broad definition of claim. Under this definition, the original bill of costs filed in this case represented an unmatured claim, but nevertheless would constitute a claim under 11 U.S.C. § 101(5). Application of the broad definition is particularly appropriate here when one considers that defendant had filed prematurely, making the claim appear mature to plaintiff. We agree with the use of the broad definition of claim under this situation.

Defendant contends that Franklin Sav. Ass'n. v. Office of Thrift Supervision, 150 B.R. 61 (D.Kan.1993), speaks for the proposition that a claim cannot arise until the appeals process is complete. This case is easily distinguishable. In Franklin, the appellate court reversed the district court, thus giving rise to the right of the appellee to its costs. In addition, the reversal occurred prior to the bankruptcy filing, making any claim for costs a pre-petition claim, subject to the laws of bankruptcy. Neither of those situations is present in the instant case. Here, defendant's unmatured claim for costs represented a pre-petition claim that was subject to discharge in plaintiff's bankruptcy.

■ Treating defendant's claim for costs as a pre-petition claim subject to discharge, defendant argues that plaintiff's failure to list defendant as a creditor, as required by 11 U.S.C. § 521(a), prevents the debt from being discharged. In re Hill, 117 B.R. 663 (N.D.Okla.1990). We agree. In the bankruptcy proceeding, plaintiff listed an address for the United States Attorney in accordance with 11 U.S.C. § 521(a), but failed to provide the correct address. He listed the address for the Kansas City, Missouri, office of the United States Attorney, instead of the address for the Kansas City, Kansas, office. Defendant points out that plaintiff had knowledge of the correct Kansas City, Kansas, address for the defendant, having used it

---

**1.** "The party entitled to recover costs shall file a bill of costs on a form provided by the clerk within 30 days (a) after the expiration of time allowed for appeal of a final judgment or decree, or (b) after receipt by the clerk of an order terminating the action on appeal." D.Kan. Rule 54.1(a). Therefore, Defendant's August 16, 1994 Bill of Costs was premature.

on several occasions, both before and after filing his bankruptcy petition. There is nothing to show that defendant had actual or constructive knowledge of plaintiff's bankruptcy.

■ Section 523(a) of Title 11, United States Code, requires that for a section 727 discharge to be effective, an individual debtor must list or schedule the creditor under Section 521(1). This listing must include the correct address to provide creditors with the opportunity to respond in the bankruptcy court. *In re Am. Properties, Inc.,* 30 B.R. 239 (D.Kan.1983). When an incorrect address is supplied, actual notice then can serve as adequate notice to creditors. *In re Walker,* 927 F.2d 1138 (10th Cir.1991). *In re Hill,* 117 B.R. 663 (N.D.Okla.1990). Here, plaintiff has not controverted defendant's denial that it had either actual or constructive notice. Moreover, notice or actual knowledge of a bankruptcy filing by one division of a large federal agency cannot be imputed to another portion of the same agency. *Small Bus. Admin. v. Bridges,* 894 F.2d 108 (5th Cir.1990); *See also United States v. Omer,* 232 F.Supp. 746 (D.Kan.1964).

We conclude that plaintiff's notice to the United States Attorney's Office, addressed to a separate and unrelated office, constituted insufficient notice. Since the defendant also lacked actual notice of the bankruptcy, defendant's bill of costs claim in the amount of $4,023.61 was not discharged by plaintiff's bankruptcy.

The Tenth Circuit ordered that $50.60 be taxed as costs of the appeal, in accordance with Federal Rule of Appellate Procedure 39.

IT IS THEREFORE ORDERED that the Clerk tax costs against plaintiff Marcell E. Denmon in the amount of $4,074.21.