**Marcell E. DENMON, Plaintiff,**

v.

**Marvin T. RUNYON, Postmaster General of the United States, Defendant.**

**Civil Action No. 92–2144–EEO.**

United States District Court,
D. Kansas.

April 28, 1997.

M.J. Willoughby, Office of Atty. Gen., Kansas Judicial Center, Topeka, KS, Lisa C. Creighton, Sonnenschein, Nath & Rosenthal, Kansas City, MO, Mark A. Stites, Berkowitz, Feldmiller, Stanton, Brandt, Williams & Stueve, L.L.P., Kansas City, Mo, for Marcell E. Denmon.

Marcell E. Denmon, Kansas City, MO, pro se.

Robert A. Olsen, Office of U.S. Atty., Kansas City, KS, Gay L. Tedder, Asst. U.S. Atty., Civil Div., W. Dist. of MO, Kansas City, MO, for Anthony M. Frank.

Robert A. Olsen, Office of U.S. Atty., Kansas City, KS, for Marvin T. Runyon.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

Pending before the court is plaintiff's Motion for Reconsideration of Court's Memorandum and Order dated January 21, 1997 (Doc. # 238). After the filing of this motion, the court issued a show cause order requesting that defendant show cause why plaintiff's motion should not be granted. Defendant filed its response, and the court is now ready to rule. For the reasons discussed below, plaintiff's motion for reconsideration is granted, and the plaintiff is ordered to pay only those costs associated with the Tenth Circuit appeal.

### I. Standards for a Motion for Reconsideration.

■ The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988) (district court's decision on motion for reconsideration is reviewed under abuse of discretion standard). It is well established that a motion for reconsideration is the opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983).

### II. Discussion.

The court, in its January 21, 1997, Memorandum and Order regarding the renewal of the bill of costs, relied on defendant's representation that failure to provide notice of bankruptcy proceedings to the United States

Attorney's Office rendered the bill of costs claim non-dischargeable. *Denmon v. Runyon*, 204 B.R. 573, 574 (D.Kan.1997). After determining that the motion for bill of costs involved here was a pre-petition claim subject to discharge, the court addressed whether the United States Attorney's Office had received actual or constructive notice of the bankruptcy. We concluded that the United States Attorney's Office had not received notice and, therefore, debts owed by the plaintiff were not discharged by the bankruptcy. *Id.* at 574–75. The court ordered that the plaintiff pay the bill of costs. *Id.* at 575.

In plaintiff's motion for reconsideration, plaintiff contends the court was led astray by defendant's argument that the debt was to the United States Attorney's Office, not the actual creditor, the United States Postal Service. Plaintiff asserts the proper inquiry is whether the plaintiff properly notified the actual creditor, the defendant United States Postal Service.

■ Plaintiff argues that he did everything required of him to put the defendant on notice of his bankruptcy. He listed the names and addresses of both the United States Postal Service and the local United States Attorney's Office as creditors in his filing with the bankruptcy court. "In order for a debt to be duly listed, the debtor must state the name and address of the creditor." *In re Fauchier*, 71 B.R. 212, 215 (9th Cir. BAP 1987).

Defendant acknowledges that notice of plaintiff's bankruptcy proceeding sent to the listed address, according to standard internal operating procedures, would have reached the Law Department of the United States Postal Service. Therefore, it is not disputed that plaintiff duly listed defendant as a creditor. Plaintiff also provided the correct address.

However, defendant states that it did not receive notice of plaintiff's Chapter 7 bankruptcy proceeding. Defendant provides a declaration from a Postal Service attorney stating that, despite a standard operating procedure to enter notices of bankruptcy proceedings into a database in the Law Department, there is no record of the Postal Service having received notice of plaintiff's bankruptcy proceeding.

In general, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted). If the plaintiff has correctly addressed, stamped and mailed an item, the item is presumed to be received by the addressee. *See, e.g., Federal Kemper Life Assurance Co. v. Ellis*, 28 F.3d 1033 (10th Cir.1994); *Legille v. Dann*, 544 F.2d 1 (D.C.Cir.1976).

In a bankruptcy setting, various factual situations have led to multiple approaches for resolving issues of notice. There are few disputes over notice to creditors who have been properly listed. At least one court has held where a creditor is "duly scheduled," or properly listed in the bankruptcy matrix, there exists a nonrebuttable presumption of notice to bankruptcy creditors. *In re Vega*, 15 B.R. 174, 176 (Bankr.W.D.Okla.1981) (finding "if the debt is duly scheduled the creditor is charged with constructive notice even though he may have failed to receive the mailed written notice.").

■ The majority of the notice cases in the bankruptcy arena involve determinations of two other issues. Several involve the question of whether a creditor is properly scheduled despite an incorrect or incomplete address. *See In re Kern*, 171 B.R. 679 (Bankr.D.Ariz.1994) (involving dispute over adequacy of address); *In re American Properties*, 30 B.R. 239 (Bankr.D.Kan.1983) (same). Others involve the question of whether a creditor who was not "duly scheduled" received actual notice. *In re Walker*, 149 B.R. 511 (Bankr.N.D.Ill.1992) (involving unscheduled creditor). In both situations, the general rule of presumption of notice by mail is rebuttable with evidence of non-receipt by the addressee. *In re Walker*, 125 B.R. 177 (Bankr.E.D.Mich.1990). However, where the notice involves a mailing from a bankruptcy court, and a certification of mailing is in the record, an allegation of denial of

receipt does not, by itself, rebut the presumption of proper notice. *In re Bucknum*, 951 F.2d 204, 206–07 (9th Cir.1991); *In re Ricketts*, 80 B.R. 495, 497 (9th Cir.BAP 1987) (citing *In re American Properties*, 30 B.R. at 250). "A certificate of mailing stating that notice … was sent to all creditors or proof of a custom of mailing, raises the presumption that notices were properly mailed and therefore received." *In re Ricketts at* 498 (Jones, J., concurring). "The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished." *Id.*

■ In the present case, plaintiff has attached, as an exhibit to his motion for reconsideration, a copy of the creditor list. (*See* Exhibit attached to Doc #238). The list is stamped, signed and dated by the court clerk, and indicates that notice of the bankruptcy had been sent to all creditors. Defendant is included on that list. Absent any objection by defendant, the court construes this exhibit as sufficient to constitute a certificate of mailing and shows mailing by the bankruptcy clerk. *In re Bucknum*, 951 F.2d at 206–07 (finding certificate of mailing in the bankruptcy file to be sufficient to create a presumption of receipt that could only be overcome with clear and convincing evidence on non-receipt). Defendant must therefore do more than merely claim nonreceipt. Defendant cites *In re Walker*, 125 B.R. at 177, for the proposition that direct testimony combined with evidence of standardized procedures for processing claims is sufficient to meet this burden. In *Walker*, however, potential for nondelivery was significant because the bankrupt provided an incorrect address for the creditor. Here, the creditor has acknowledged that the address was sufficient for delivery. Were we to follow the analysis in *Vega*, the presumption of delivery is unrebuttable because defendant is duly scheduled. Even if we were not to follow *Vega*, defendant would at a minimum be required to provide additional evidence of non-mailing, in light of the certification of mailing from the bankruptcy court.[1] *In re Buck-*

*num*, 951 F.2d at 207. "Evidence might include testimony of a clerk's office employee that notice was not sent or proof that none of the listed creditors received notice." *In re Ricketts*, 80 B.R. at 498–99 (Jones, J. concurring). Defendant has failed to provide such evidence and, therefore, is deemed to have constructive knowledge of plaintiff's bankruptcy proceedings.

■ Defendant further argues that plaintiff knew the United States Attorney's Office was representing the defendant, and contends that notice to a party's attorney can provide notice to the party, citing *Linder v. Trump's Castle Assocs.*, 155 B.R. 102, 104 (D.N.J.1993). Defendant then concludes that the plaintiff should have provided notice to the United States Attorney's Office in Kansas, defendant's attorney. We are not persuaded by this argument. The debtor's obligation is to provide notice to the creditor, not its attorney. *In re Horton*, 149 B.R. 49, 60 (Bankr.S.D.N.Y.1992) ("[T]he Bankruptcy Code and Rules only require that notice be sent to the creditor, not to a creditor's counsel, even if that counsel is known."). *Linder* expands opportunity for notice by allowing notice to a party's attorney to serve as constructive notice to a party. *Linder* does not mandate notice to a party's attorney as notice to a party.

Finally, the court is not persuaded by defendant's argument that the United States Attorney's Office should be considered a creditor in its own right, and as a creditor would require notice or proper listing on the creditor list before discharge of plaintiff's debts. The defendant United States Postal Service submitted the bill of costs, not the United States Attorney's Office. An award, if granted, belongs to the defendant, not the attorney. *See In Re Vega*, 15 B.R. at 176 (finding bankrupt's debt to judgment creditor for attorney's fees belongs to the party in the action, not the party's attorney.)

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc.

---

1. The line of cases that allow a party to rebut the presumption of delivery seems to address potential delivery problems experienced with the deliverer, most often the United States Postal Service.

Here, the defendant asserting that it failed to receive its mail is the United States Postal Service.

#238) is granted. The clerk is hereby directed to set aside that portion of our January 21, 1997, order taxing costs against plaintiff in the amount of $4,074.21. This order does not in any way affect the Tenth Circuit's order taxing $50.60 against plaintiff, as costs of the appeal, in accordance with Federal Rule of Appellate Procedure 39.