In re Kyle MAUCK and Shannon Mauck, Debtors.

Kyle Mauck and Shannon Mauck, Plaintiffs,

v.

C–Bass Mortgage Loan Buyout Trust 2000–A, The Bank of New York, Litton Loan Servicing, Inc. Meyer Real Estate, and Cody Properties, Defendants.

Bankruptcy No. 01–46110–293.
Adversary No. 01–4183–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Feb. 1, 2002.

Rory Ellinger, O'Fallon, MO, for Debtors/Plaintiffs.

Jeffrey T. Weisman, Shapiro and Weisman, Chesterfield, MO, for Cody Properties and Meyer Real Estate.

Daniel A. West, Kansas City, MO, for Defendants C–Bass Mortgage Loan Trust, The Bank of New York, and Litton Loan Servicing, Inc.

John LaBarge, St. Louis, MO, trustee.

## MEMORANDUM OPINION

DAVID P. MCDONALD, Chief Judge.

Debtors–Plaintiffs Kyle and Shannon Mauck filed their first Chapter 13 bankruptcy in March 2001. During the pendency of their bankruptcy they received a notice of foreclosure of their home mortgage. The Maucks' Chapter 13 filing was dismissed and their home was subsequently sold at a foreclosure sale. On November 19, 2001, a trial was held to determine whether Defendants The Bank of New York, C–Bass Mortgage Loan Buyout Trust 2000–A, and Litton Loan Servicing, Inc. violated the automatic stay by issuing the notice of foreclosure during the pendency of the bankruptcy. On November 29, 2001, the Court issued its judgment that the stay was violated. As a consequence, the foreclosure sale was set aside.

After that decision, the Maucks filed the present motion for attorneys' fees and costs associated with the violation of stay proceeding. The Court will grant the Maucks' motion because Defendants willfully violated the automatic stay.

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

On March 23, 2001, the Maucks filed a voluntary petition, case number 01–43274–399, seeking relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. The case was filed as an emergency case without schedules, statement of financial affairs or a Chapter 13 plan. On March 23, 2001, the bankruptcy court issued an order directing the Maucks to complete their filing. Their case was dismissed on May 3, 2001, for failing to file required schedules. A motion to reinstate the case was denied on May 14, 2001.

Before filing for bankruptcy relief, the Maucks were in default on their home mortgage. On April 26, 2001, while the initial Chapter 13 case was still pending, the mortgagee sent the Maucks a notice of foreclosure. On May 31, 2001, after the Maucks' initial Chapter 13 case had been dismissed, their home was sold at a foreclosure sale.

On June 1, 2001, the Maucks filed the present Chapter 13 bankruptcy. On June 6, 2001, an adversary was filed which sought to set aside the foreclosure sale. The Maucks asserted that the notice of foreclosure was invalid because it was filed in violation of the automatic stay. A trial was held on November 19, 2001 and the case was taken under submission. The Court issued a judgment on November 29, 2002, finding that the automatic stay had been violated by Defendants and setting aside the foreclosure sale.

The adversary proceeding is currently before the Court on the Maucks' motion for attorneys' fees and costs. A hearing of the motion was held on January 7, 2002, and the matter was taken under submission.

## FINDINGS OF FACT

The following facts were established from the stipulation of facts submitted by the parties, from the documents on file and from the testimony at trial on November 19, 2001:

1) Kyle and Shannon Mauck filed a Chapter 13 bankruptcy, case number 01–43274–399, on March 23, 2001. The Maucks filed a creditor mailing matrix which listed Defendant Litton Loan Servicing, Inc. as a mortgage creditor.

2) At the time the Maucks filed their Chapter 13 petition, they owned their residence at 25 Roland Avenue, O'Fallon, Missouri, 63366. The Maucks' residence was subject to a mortgage. The note was held by Defendant The Bank of New York, as Trustee of Defendant C–Bass Mortgage Loan Buyout Trust 2000–A (the "Note Holder"). The loan was serviced by the Note Holder's agent, Defendant Litton Loan Servicing, Inc.

3) Defendant Litton Loan Servicing, Inc. was listed in the Maucks' creditor mailing matrix filed with the Court.

4) Defendants The Bank of New York, C–Bass Mortgage Loan Buyout Trust 2000–A, and Litton Loan Servicing, Inc. all admitted in their answers to the Maucks' adversary complaint that Litton Loan Servicing, Inc. was listed as a creditor in the creditor mailing matrix.

5) On November 29, 2001, the Court issued a judgment for the Maucks which found that Defendants The Bank of New York, C–Bass Mortgage Loan Buyout Trust 2000–A, and Litton Loan Servicing, Inc. violated the automatic stay issued in case number 01–43274–399 by sending the Maucks a foreclosure notice.

6) Defendants Meyer Real Estate and Cody Properties purchased the Maucks' home at the foreclosure sale. Neither of these Defendants had any knowledge of the Maucks' bankruptcy. Nor did they violate the automatic stay.

7) On June 1, 2001, a day after the foreclosure sale, the Maucks filed their present bankruptcy case. This adversary proceeding was filed on June 6, 2001.

## DISCUSSION

In the Order of November 19, 2001, the Court already determined that Defendants The Bank of New York, C–Bass Mortgage Loan Buyout Trust 2000–A, and Litton Loan Servicing, Inc. violated the automatic stay issued in case number 01–43274–399 by sending the Maucks a foreclosure notice during the pendency of that case. The sole issue before the Court is whether to grant the Maucks' request for attorneys fees and costs.

■ Section 362(h) of the Bankruptcy Code provides, "[a]n individual injured by any willful violation of a stay shall recover actual damages, including costs and attorneys' fees, and, in the appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). A willful violation of the automatic stay occurs when a creditor acts deliberately with knowledge of the bankruptcy petition. *In re Knaus,* 889 F.2d 773, 775 (8th Cir.1989).

■ Defendants The Bank of New York, C–Bass Mortgage Loan Buyout Trust 2000–A, and Litton Loan Servicing, Inc. admit that Litton was listed in the Maucks' creditor mailing matrix. The Court's docket reflects an entry by the Clerk's office that a notice of the case was mailed on March 29, 2001, to the parties listed in the matrix. When a creditor is listed in a debtor's bankruptcy matrix and the clerk certifies that a notice of the case was sent to the creditors in the matrix, a presumption arises that those creditors received notice of the bankruptcy filing. Such a presumption is not defeated solely

**222**

on a creditor's assertion that they did not receive notice. *Denmon v. Runyon,* 208 B.R. 225, 227–228 (D.Kan.1997).

 Defendants do not deny that Litton received notice of the Maucks' bankruptcy before they issued the foreclosure notice to the Maucks. Instead, Defendants contend that the notice was sent to the payment address at Litton which was insufficient to provide notice of the bankruptcy. Defendants do not cite any authority in support of this proposition. To the contrary, courts have recognized that a notice of bankruptcy proceedings sent to a lender's payment address is sufficient. *In re Robl,* 16 B.R. 155, 156–157 (E.D.N.Y.1981)(notice sent to payment address sufficient because " '[w]here a litigant's own internal procedures are the cause of a failure to comply with proper legal procedures courts generally refuse to grant relief from the consequences of the lack of compliance.' *In Re Biddy,* 7 B.R. 50 (Bkrtcy.N.D.Ga.1980)").

The Maucks listed Litton in the mailing matrix using the address where they had been sending their mortgage payments. The Court finds that the notice of bankruptcy sent to this address provided Litton and its principals with notice of the bankruptcy. Based on the presumption that creditors listed in the debtors' mailing matrix received notice of the bankruptcy filing, the Court finds that Defendants The Bank of New York, C–Bass Mortgage Loan Buyout Trust 2000–A, and Litton Loan Servicing, Inc. had knowledge of the Maucks' bankruptcy.

Consequently, when Defendants violated the automatic stay by issuing a foreclosure notice to the Maucks, they did so with knowledge of the bankruptcy. Such an action is a willful violation of the automatic stay and the Court will award the Maucks their attorneys' fees and costs.

 At the hearing on January 7, 2001, counsel for the Maucks submitted an itemized schedule of attorneys' fees. The hourly rate is $150.00 which the Court finds is within the customary fee range charged by bankruptcy practitioners in this District. A total of 21.9 hours was spent in preparing and trying the Maucks' adversary proceeding which resulted in the setting aside of Defendants' foreclosure sale. The Court finds the time spent by the Maucks' counsel was reasonable. Total attorneys' fees in the amount of $3,285 will be awarded.

In addition, the Maucks incurred a fee of $250.00 for an appraisal of the property. The appraiser testified at the trial on November 19, 2001, as to the value of the Maucks' property. This cost will also be awarded to the Maucks..

An Order consistent with this Memorandum Opinion will be entered this date.